1  JUSTIN H. SANDERS (SBN 211488)
   jsanders@sandersroberts.com
2  ALEXANDRA LOTOTSKY (SBN 311921)
   alototskty@sandersroberts.com
3  **SANDERS ROBERTS LLP**
   1055 West 7th Street, Suite 3200
4  Los Angeles, California 90017
   Telephone:  213-426-5000
5  Facsimile:   213-234-4581

6  Attorneys for Defendant
   **American Honda Finance Corporation**
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  TIFFANY COLEMAN,                    ) Case No.: 8:18-cv-02295-JVS-ADS
                                        )
12                                      )
              Plaintiff,               )
13                                      ) **DEFENDANT AMERICAN
                                        ) HONDA FINANCE
14     vs.                             ) CORPORATION'S NOTICE OF
                                        ) MOTION AND MOTION TO
15  AMERICAN HONDA FINANCE             ) DISMISS PLAINTIFF'S
    CORPORATION,                       ) COMPLAINT (Fed. R. Civ. P. Rule
16                                      ) 12(b)(6)); MEMORANDUM OF
                                        ) POINTS AND AUTHORITIES**
17            Defendant.               )
                                        )
18                                      ) DATE:    June 3, 2019
                                        ) TIME:    1:30 p.m.
19                                      ) COURTROOM: 10C
                                        ) JUDGE: Hon. James V. Selna
20                                      )
                                        )
21                                      )
22
23
24
25
26
27
28

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed.
R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 3, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10C of the above-entitled Court, located at 411 West 4th Street, Room 1053, Santa Ana, CA 92701-4516, Defendant AMERICAN HONDA FINANCE CORPORATION ("Honda") will and hereby does move for dismissal as to Plaintiff TIFFANY COLEMAN's ("Plaintiff") action pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1) and on the grounds that Plaintiff's action is barred by the doctrine of *res judicata*. Plaintiff previously filed a claim for arbitration against Honda for causes of action arising out of the same transaction or occurrence. Plaintiff's arbitration was fully adjudicated in or about April of 2018.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 and which took place on April 1, 2019.

Honda's motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Justin H. Sanders, and upon such further argument and evidence presented at or before the hearing of this matter.



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Dated: May 1, 2019

SANDERS ROBERTS LLP

JUSTIN H. SANDERS
ALEXANDRA LOTOTSKY
Attorneys for Defendant
**AMERICAN HONDA FINANCE CORPORATION**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   <u>INTRODUCTION</u>

This case arises out of Plaintiff Tiffany Coleman's ("Plaintiff's") alleged dissatisfaction with the manner in which Defendant American Honda Financial Services ("Honda" or "Defendant") and its agents attempted to foreclose and repossess her 2016 Honda Accord after Plaintiff defaulted on her loan and stopped making monthly payments on the vehicle. Plaintiff has previously sued Honda or parties in privity with Honda *twice* for claims arising out of these foreclosure and repossession proceedings.

Plaintiff's first suit was in small claims court, where she received a small monetary award after a summary proceeding.  Plaintiff's second suit was a much more substantive arbitration claim.  The arbitration claim was adjudicated and dismissed on the grounds Plaintiff's claim was barred by the doctrine of *res judicata.* The arbitrator held that Plaintiff's "claims in this Arbitration . . . for breach of the peace during unlawful repossession, were fully litigated in the Small Claims Action, and a final judgment on the merits resulted therefrom . . . The doctrine of res judicata precludes re-litigating [Plaintiff's] claim in this arbitration, and this arbitration claim is barred by claim preclusion." (Ex. A.)

Now, unsatisfied with the result of her small claims action, and frustrated with the results of the arbitration, Plaintiff makes another grab for a damages award by filing the case at bar. The Court should dismiss this case because Plaintiff's claims are the *same claims* she alleged in the previous small claims and arbitration proceedings. Therefore, Plaintiff's present action is barred by the doctrine of *res judicata* and Plaintiff cannot state a claim on which relief may be granted.

## II.   <u>STATEMENT OF FACTS</u>

On or about March 24, 2017, Plaintiff purchased a new 2016 Honda Accord, VIN No. 1HGCT1B82GA005512 (the "Vehicle"). (Declaration of Justin H. Sanders ("JHS Decl.") ¶3,) Plaintiff financed $35,767.11 for the vehicle through



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

Honda. (*Id.*) Plaintiff subsequently defaulted on her loan obligations. (*Id.*) After some time, Honda hired a licensed third party to repossess the Subject Vehicle. (*Id.*) The Subject Vehicle was involuntarily repossessed on or about September 29, 2017. (*Id.*)

Thereafter, Plaintiff took issue with the manner in which the Subject Vehicle was repossessed and filed a small claims action against Honda, among others, alleging "unlawful possession and breach of peace" Case No. 30-2017-00948906-SC-SC-CJC (the "Small Claims Action"). (JHS Decl. ¶4,). On or about November 21, 2017, Plaintiff received a final Judgment in the Small Claims Action. and was awarded $1,189.86. (*Id.*)

Plaintiff was unhappy with the award in the Small Claims Action and on or about August 30, 2017, filed an arbitration action against Honda through the American Arbitration Association, Case No. 01-17-0005-1840 (the "Arbitration Action"). (JHS Decl. ¶5.) The Arbitration Action was subsequently dismissed on April 23, 2018, wherein the arbitrator found the doctrine of *res judicata* precluded Plaintiff's arbitration action because Plaintiff was attempting to relitigate the same claims that she had already litigated in the previous small claims action. (JHS Decl. ¶5, Ex. "A.")

Thereafter, on or about December 28, 2018 Plaintiff filed the instant action. The facts alleged in the operative Complaint revolve around the same foreclosure and repossession proceedings as Plaintiff's arbitration claim, alleging facts related to Honda's attempts to repossess Plaintiff's vehicle.  (Plaintiff's Complaint for Damages, ¶¶ 9-19).

## III.    **REQUEST FOR JUDICIAL NOTICE**

The court may take judicial notice of "matters of public record*."* (*Lee v. City of Los Angeles*, 250 F.3d 668, 688–689 (9th Cir. 2001).) The court may take notice of proceedings "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. (*U.S. ex rel.*

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

SANDERS ROBERTS
105 S W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

*Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).) Judicial notice may be taken of both the decisions of other courts, including arbitration proceedings, as well as related filings. (*U.S. ex rel. Robinson Rancheria Citizens Council,* at 248 (taking judicial notice of the California Superior Court's final judgement and "related filings."); *Bucur v. FedEx Ground Package Sys. Inc*., 2015 WL 13285090, at *1, fn 2 (C.D. Cal., 2015) (taking judicial notice of filings in arbitration).)

Honda hereby requests that this Court take judicial notice, pursuant to the Federal Rules of Evidence, Rule 201201(a)(2), of the filings, records, orders and awards in the previous arbitration proceeding identified as *Coleman v. Norman Reeves Honda, et al*, Case No. 01-17-0005-1840 which was heard and adjudicated before the American Arbitration Association. These proceedings are directly relevant to the issues in the matter at bar because they form the basis of Honda's *res judicata* defense and basis for the present Motion to Dismiss. These proceedings demonstrate that Plaintiff has previously sued Honda for the same claim and received a final judgement on the merits.

## IV.     <u>LEGAL ARGUMENT</u>

### A. MOTION TO DISMISS UNDER RULE 12(b)(6) IS PROPER

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) lies "when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." (*Conopco, Inc. v. Roll Intern.* (2d Cir. 2000) 231 F.3d 82, 86; *Alexander v. Pauloski* (D. Ariz. 2018) 2018 WL 1933305, at *2; *See Navarro v. Block* (9th Cir. 2001) 250 F.3d 729, 732 ("A Rule 12(b)(6) motion tests the legal sufficiency of a claim.).)

The present motion should be adjudicated as a matter of law based solely on Plaintiff's Complaint and those matters of which the Court may take judicial notice. Each prong of res judicata doctrine is satisfied in this case as follows: 1)

SANDERS ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Plaintiff is suing the same party in this case as in the Arbitration Action; 2) Plaintiff received a final judgement on the merits in the Arbitration Action; and 3) Plaintiff's claim is the same as that in the Arbitration Action.  As discussed below, all three elements of the res judicata doctrine can be ascertained from Plaintiff's complaint and judicially noticed matters.  Therefore, Plaintiff's claim must fail and be dismissed as a matter of law.

## B. PLAINTIFF'S SUIT IS BARRED BY THE DOCTRINE OF RES JUDICATA

The doctrine of *res judicata* precludes the parties or persons in privity with them, from relitigating the same claim that was raised in a previous action between those parties and where final judgement was rendered on the merits. (*See Taylor v. Sturgell* (2008) 553 US 880, 892. *Res judicata* prohibits lawsuits on "any claims that were raised *or could have been raised* in a prior action" (*Stewart v. U.S. Bancorp* (9th Cir. 2002) 297 F.3d 953, 956 (emphasis added).)

To determine whether the claims in two lawsuits are the same, the 9th Circuit considers four factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." (*Nordhorn v. Ladish Co., Inc.* (9th Cir. 1993) 9 F.3d 1402, 1405; *see also Borg v. JPMorgan Chase Bank N.A.* (N.D. Cal., 2015) 2015 WL 2345504, at *1 ("The doctrine of res judicata precludes re-litigation of any claim arising out of the same transaction or occurrence"); *Lugo v. Valverde* (S.D. Cal., 2007) 2007 WL 9711714, at *3, *aff'd* (9th Cir. 2009) 318 Fed.Appx. 562 ("Thus, for the purposes of res judicata, two claims constitute a single cause of action if they both seek redress for harm to the same primary right.").)

### a. Judgement In The Arbitration Action Was On The Merits

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed.
R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES

SANDERS
ROBERTS
105S W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

The doctrine of *res judicata* applies to "all types of final judgments that are rendered on the merits of litigation" even if the judgement was rendered in a summary fashion. (*See Shuffer v. Board of Trustees* (1977) 67 Cal.App.3d 208, 216). A dismissal of a plaintiff's action is a judgement on the merits if the dismissal is on "substantive grounds." (*Shuffer,* at 216; *see Lamb v. Ward* (1953) 120 Cal.App.2d 273, 279 (the trial court sustaining defendant's demurrer without leave to amend "was a judgment that 'Plaintiffs take nothing by [their] action.'"; *United States v. Oppenheimer*, 242 U.S. 85, 87 (1916) (holding that the dismissal of a case on statute of limitations grounds was a judgement on the merits and could not be relitigated).) A dismissal of an action on the grounds of *res judicata* is a judgement on the merits. (*See Le v. Bank of Am., N.A,* 2011 WL 13124452, at *3 (C.D. Cal., 2011), *aff'd sub nom. Le v. Bank of Am., NA,* 585 F. App'x 362 (9th Cir. 2014) (holding that a court's dismissal of the plaintiff's previous suit on the basis of claim preclusion was a judgement on the merits).)

Judgement in Plaintiff's Arbitration Action was on the merits because the court made a finding that Plaintiff's claim was barred by *res judicata* and claim preclusion. (Ex. A.) The court did not merely dismiss Plaintiff's arbitration claim on procedural grounds that could be rectified by amending Plaintiff's arbitration complaint or following the proper procedural steps.  Instead, the arbitrator went to the substance of Plaintiff's action when he determined that Plaintiff could not sustain a claim on which relief could be granted *as a matter of law.* In order to make his ruling, the arbitrator had to analyze the legal and factual basis of Plaintiff's claims and make the determination that her claims had already been "fully litigated" in her previous small claims action. (Ex. A.)

As demonstrated by caselaw, *supra,* a dismissal on the basis of incurable defects in a plaintiff's pleadings (*e.g.* dismissal without leave to amend, statute of limitations bar) constitutes a judgement on the merits. A claim that is barred by res judicata suffers from a similarly incurable defect and cannot be litigated as a matter

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

SANDERS
ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

of law. Thus, since the arbitrator in the Arbitration Action found that Plaintiff's claim was barred by *res judicata,* the judgement in the Arbitration Action must be considered final and on the merits.

### b. Plaintiff's Arbitration Action And Current Lawsuit Are Based On The Same Transaction Or Occurrence

Two actions have identity of claims if the claims arise out of the same transaction or occurrence. (*See Nordhorn*, at 405; *Borg,* 2015 WL 2345504, at *1.) "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Travelers Cas. and Sur. Co. of America v. Claude E. Atkins Enterprises, Inc.* (E.D. Cal., 2007) 2007 WL 4048780, at *3.)

*Le v. Bank of Am., N.A., 2011 WL 13124452* is instructive. In *Le* the plaintiff filed three lawsuits alleging different causes of action and statutory violations where not all the causes of action were based on the exact same facts. (*See Le, at *1.*) However, all of plaintiff's claims arose from her default on a mortgage loan and the defendant's attempts to foreclose on and repossess her house. (*Id.*) The district court held that the plaintiff's claims all arose out of the same transaction or occurrence because they all stemmed from the same loan transaction and related foreclosure proceedings. (*Id.* at *2.) The 9th Circuit court of appeals upheld the district court's ruling with the same reasoning. (*Le v. Bank of America, NA* 585 Fed.Appx. 362, 362 (9th Cir. 2014).)

The matter at bar is similar to the situation in *Le.* Plaintiff alleged a cause of action in arbitration based on the actions of Honda, and parties in privity with Honda, during the foreclosure and repossession process of Plaintiff's vehicle. In the instant action, Plaintiff alleges claims against Honda based on various calls allegedly made to her phone during the *same* foreclosure and repossession proceedings. Thus, Plaintiff's two claims arose out of the same transactional scheme of conduct and require the proof of almost all of the same core facts (*e.g.*

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Plaintiff's ownership of the vehicle, her default on the loan, Honda's desire to repossess Plaintiff's vehicle). Those facts that were not litigated in Plaintiff's previous actions *could* have been litigated and have a "logical relationship" to those facts that were addressed. All the facts Plaintiff seeks to litigated in the case at bar relate to Honda's alleged conduct during the foreclosure and repossession proceedings. Yet this alleged conduct already has been addressed and litigated in the previous Arbitration Action.

### c. Plaintiff's Instant Suit Involves The Same Primary Right As Claimed In The Arbitration Action

When deciding issues of *res judicata* the 9th Circuit favors the application of the law of the state in which it sits. (*St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 868 (9th Cir. 1979); *Costantini v. Trans World Airlines* (9th Cir. 1982) 681 F.2d 1199, 1201). In California, "two actions constitute a single cause of action if they both affect the same primary right." (*City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077, 1082, (2003).) "The significant factor is whether the claim or cause of action is for invasion of a single primary right . . . Whether the same facts are involved in both suits is not conclusive." (*Burdette v. Carrier Corp.*, 158 Cal.App.4th 1668, 1684 (2008).)

"The plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." (*Hong Sang Mkt., Inc. v. Peng*, 20 Cal. App. 5th 474, 490 (2018).) The focus on the *injury* suffered by a Plaintiff means that a number of theories of liabilities can constitute the same claim for purposes of *res judicata.* For example, actions and omissions that result in injury to a plaintiff's person invade a single primary right and constitute a single claim for *res judicata* purposes. (*Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975).)

In both Plaintiff's Arbitration Action and the instant lawsuit, Plaintiff seeks redress for alleged violations of the same primary right: the right to be free from

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

disturbance and harassment. The arbitration award and filings in the Arbitration Action clearly show that the basis for Plaintiff's claims was an alleged "breach of peace." Plaintiff herself claims that "the Breach of Peace entitles [her] to damages." (Ex. "C," at 25.) The arbitrator found that Plaintiff sought damages for a claim based on "breach of the peace" and that that claim had already been litigated in small claims court. (Ex. "A.") Breach of the peace is a largely undefined and vague legal concept. However, California courts have generally taken it to refer "primarily to a disturbance of the public peace and tranquility." (*Devincenzi v. Faulkner* 174 Cal.App.2d 250, 254 (1959).

Plaintiff's complaint in the instant case describes the harm Plaintiff allegedly suffered, in part, as follows: "aggravation that accompanies unsolicited telephone calls, anxiety . . . emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls . . . loss of concentration, mental anguish, nuisance . . . ." (Plaintiff's Complaint for Damage ¶ 21.) The legislative history of the Telephone Consumer Protection Act reveals that the legislature was concerned with issues of consumers' tranquility and privacy. (*See* Telephone Consumer Protection Act Of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.)

Inevitably, Plaintiff's injury is the same: she feels that her peace and tranquility have been disturbed by Honda's alleged actions during the foreclosure and repossession proceedings. Thus, the primary right allegedly invaded was also the same – to be free of such disturbances of peace and tranquility. Thus, Plaintiff alleges the same claim in the instant suit as she did in the Arbitration Action. Having received a final judgement on the merits in the Arbitration Action, Plaintiff should not be allowed to relitigate the same claim in the instant suit.

## V.   CONCLUSION

Plaintiff has previously filed an arbitration claim against Honda alleging the same claim as in the present lawsuit and had received a final judgement on the



SANDERS
ROBERTS
105 S W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

merits in the Arbitration Action. Thus, Plaintiff's claim is barred by the doctrine of *res judicata* and Plaintiff cannot state a claim on which relief can be granted. Therefore, Honda respectfully requests that the Court dismiss this case with prejudice pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6.)

Dated: May 1, 2019

**SANDERS ROBERTS LLP**

JUSTIN H. SANDERS
ALEXANDRA LOTOTSKY
Attorneys for Plaintiff
**AMERICAN HONDA FINANCE
CORPORATION**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed.
R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

### DECLARATION OF JUSTIN H. SANDERS

I, Justin H. Sanders, declare as follows:

1.      I am an attorney duly licensed to practice law before all courts in the State of California. I am a partner at Sanders Roberts LLP, which is counsel of record for Defendant American Honda Financial Services ("Honda") in this action.

2.      I have personal knowledge of the facts contained herein. If called as a witness, I could and would be able to competently testify to the facts contained herein.

3.      On or about March 24, 2017, Plaintiff Tiffany Coleman purchased a new 2016 Honda Accord, VIN No. 1HGCT1B82GA005512 (the "Vehicle." Plaintiff financed $35,767.11 for the vehicle through Honda. Plaintiff subsequently defaulted on her loan obligations. After some time, Honda hired a licensed third party to repossess the Subject Vehicle. The Subject Vehicle was involuntarily repossessed on or about September 29, 2017.

4.      Thereafter, Plaintiff took issue with the manner in which the Subject Vehicle was repossessed and filed a small claims action against Honda, among others, alleging "unlawful possession and breach of peace" Case No. 30-2017-00948906-SC-SC-CJC (the "Small Claims Action.  On or about November 21, 2017, Plaintiff received a final Judgment in the Small Claims Action. and was awarded $1,189.86.

5.      Plaintiff was unhappy with the award in the Small Claims Action and on or about August 30, 2017, filed an arbitration action against Honda through the American Arbitration Association, Case No. 01-17-0005-1840 (the "Arbitration Action"). The Arbitration Action was subsequently dismissed on April 23, 2018, wherein the arbitrator found the doctrine of res judicata precluded Plaintiff's arbitration action because Plaintiff was attempting to relitigate the same claims that she had already litigated in the previous small claims action. Attached hereto is a

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

1   true and correct copy of the arbitration judgement issued on April 23, 2018 as
2   Exhibit "A."

3          6.      Thereafter, on or about December 28, 2018 Plaintiff filed the instant
4   action.

5          7.      Attached hereto is a true and correct copy of Plaintiff's Demand for
6   Arbitration as Exhibit "B."

7          8.      Attached hereto is a true and correct copy of Defendant's briefing and
8   exhibits filed in the Arbitration Action as Exhibit "C."

9          9.      The parties met and conferred regarding Defendant's present motion
10  to dismiss in compliance with Local Rule 7-3 on April 1, 2019.

11         I declare under penalty of perjury under the laws of the State of California
12  that the foregoing is true and correct.

13         Executed this 1st day of May 2019 in Los Angeles, California



18                                              Justin H. Sanders

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**

Tiffany Coleman
vs
Norm Reeves Honda, Honda Financial Services, Cars Recovery, Inc.

Case No. 01-17-0005-1840

**Order  Dismissing Arbitration**

The undersigned Arbitrator has carefully reviewed and considered the entire record in this matter, including Claimant's explanation of her claim dated October 18, 2017; Respondents' Briefing Re Claim Preclusion dated April 4, 2018; the Claim and Order to Go to Small Claims Court filed by Claimant in Case No. 30-2017-00948906-SC-SC-CJC (the "Small Claims Action"); and the Minute Order in the Small Claims Action. No briefing was filed on behalf of Claimant on the issue of claim preclusion.

Claimant's claims in this Arbitration, to wit, damages for breach of the peace during unlawful repossession, were fully litigated in the Small Claims Action, and a final judgment on the merits resulted therefrom.

Any liability of Respondents herein would flow from the actions of the defendant in the Small Claims Action, Cars Recovery, Inc., the party actually performing the repossession.

The doctrine of res judicata precludes re-litigating Claimant's claim in this arbitration, and this arbitration claim is barred by claim preclusion.

Therefore, Claimant's claim is hereby DISMISSED.

April 23, 2018


Irene M. Guimera, Esq., Arbitrator

EXHIBIT B



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Telephone: (856)435-6401

September 20, 2017

Tiffany Coleman
PO Box 1155
Huntington Beach, CA 92647
Via Email to: t1ffany_c@yahoo.com

Janice Acevedo
Honda Financial Services
PO Box 6070
Cypress, CA 90630
Via Fax to: (866)858-2493

Norm Reeves Honda Honda Superstores - HB
19131 Beach Boulevard
Huntington Beach, CA 93648
Via Fax to: (714)841-3126

Case Number: 01-17-0005-1840

Tiffany Coleman
-vs-
Honda Financial Services and Norm Reeves Honda Honda Superstores - HB

Dear Parties:

The claimant has filed with us the attached demand for arbitration. The American Arbitration Association ( AAA ) has determined that this arbitration arises out of a consumer agreement and, as such, the Consumer Arbitration Rules ( Consumer Rules ) apply to this dispute. The Consumer Rules may be found on our website at www.adr.org.

Under R-12 of the Consumer Rules, businesses that provide for AAA arbitration in a consumer contract are obligated to submit their current or proposed consumer agreements to the AAA for review and inclusion on the Consumer Clause Registry ( Registry ). The AAA reviews the agreement for material compliance with the due process standards of the Consumer Due Process Protocol ( Protocol ) and the Consumer Rules. The AAAs review is administrative; it is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable.

Norm Reeves Honda Honda Superstores - HB has not previously submitted its consumer arbitration clause for review. As such, the AAA will review the clause for this matter on an expedited basis. The additional fee for this expedited review is $250, payable by the business.

**Norm Reeves Honda Honda Superstores - HB is also directed to submit its current consumer arbitration clause for inclusion on the Registry at** https://www.adr.org/Consumer at which time the business will also incur a $500 Registry fee. Once the business clause is registered, it will no longer be assessed the $250 additional expedited review fee on each consumer case filed.

Under California law (the Ethics Standards for Neutral Arbitrators in Contractual Arbitration), upon the

appointment of an arbitrator in consumer arbitrations, the AAA is required to disclose certain information regarding cases we have administered. Also, pursuant to the California Code of Civil Procedure section 1281.96, the AAA must collect and make available to the public information regarding our involvement in, and outcome of, consumer arbitrations.

The AAA relies on the information provided by the parties to fulfill its obligations under California law. Therefore, we ask that you take the time to review party names in the case caption (located under the case number at the top of this letter) and immediately advise me if any changes need to be made.

Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs. This waiver of fees does not include arbitrator fees and compensation. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. A consumer meeting these requirements must submit to the AAA a declaration under of oath regarding monthly income and the number of persons in the consumer's household. Please email me if you have any questions regarding the waiver of administrative fees.

Under the Consumer Rules, the consumer pays a filing fee of $200 and the business pays a filing fee of $1,700. We note that the contract states that the business will advance the consumer's portion of the filing fee. So that the filing requirements are complete, **Norm Reeves Honda Honda Superstores - HB is requested to submit filing fees of $1,900, the expedited consumer clause review fee of $250 and its arbitrator's compensation deposit of $1,500.00, totaling $3,650**.

Please make the check payable to the American Arbitration Association and include a reference to the case number. Checks should be mailed to 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. In the event that payment is being made by a third party, such as an insurance company, please request that payment be sent directly to the business representative. The business representative should then forward payment to the AAA in accordance with the foregoing instructions.

The requested payment should be received no later than **October 4, 2017**, and the AAA may decline to administer this dispute if the business does not timely respond. It should be noted that the consumer's satisfaction of the filing requirements triggers the business' obligation to promptly pay its share of the filing fees under the rules and the business may owe all or a portion of the filing fees even if the matter is settled or withdrawn. The AAA will refund any overpayments received from the consumer with the filing.

No answering statement or counterclaim is due at this time and the parties will be notified of the applicable deadlines upon satisfaction of all the filing requirements.

Please email ConsumerFiling@adr.org if you have any questions. The AAA appreciates the opportunity to assist you with your dispute resolution needs.

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax (877) 304-8457

cc:     Honda Financial Services
        CT Corporation System
        818 West 7th Street
        Los Angeles, CA 90017

8/30;

No fee;

Tiffany Coleman;

t1ffany_c@yahoo.com;

6572227915;

arbitration;

Please see attachment.



AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

Complete this form to start arbitration under an arbitration agreement in a contract.

1. Which party is sending in the filing documents? (check one) ☑ Consumer ☐ Business

2. Briefly explain the dispute:

3. Specify the amount of money in dispute, if any: $ 3,631.57

4. State any other relief you are seeking:

Attorney Fees ☐ Interest ☑ Arbitration Costs ☐ Other; explain:

5. Identify the requested city and state for the hearing if an in-person hearing is held:

6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed.

| Consumer: | Business: Honda Financial Services |
|---|---|
| Name: Tiffany Coleman | Name: Janice Acevedo |
| Address: P.O. Box 1155 | Address: P.O. Box 6070 |
| City: Huntington  State: CA  Zip Code: 92647 | City: Cypress  State: CA  Zip Code: 90630 |
| Telephone: 657-222-7915  Fax: | Telephone: 714-816-8284  Fax: 1-800-858-2493 |
| Email Address: Tiffany_c@yahoo.com | Email Address: |
| Consumer's Representative (if known): | Business' Representative (if known) Janice Acevedo |
| Name: | Name: |
| Firm: | Firm: |
| Address: | Address: |
| City:  State:  Zip Code: | City:  State:  Zip Code: |
| Telephone:  Fax: | Telephone:  Fax: |
| Email Address: | Email Address: |
| Date: | |

7. Send a copy of this completed form to the AAA together with:

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;
- The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
- A copy of the court order, if arbitration is court-ordered.

8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.

Cases may be filed with the AAA by mail, facsimile, email, or on-line. To file by mail send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. To file via fax send the initial filing documents and a completed

charge card authorization form for the filing fee to 877-304-8457. To file by email send the filing documents and a check or a completed charge card authorization form for the filing fee to CaseFiling@adr.org. Charge card authorization forms are available at www.adr.org/Services/Forms. To file on-line via AAA WebFile, visit www.adr.org and click on File & Manage a Case and follow directions to register. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically no hard copies are required.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043
AAA WebFile: https://www.adr.org | AAA Customer Service 1-800-778-7879

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

Cust. ID 772664

Dealer Number 208030 Contract Number 179187 R.O.S. Number 39284264 Stock Number 280515

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| Tiffany Mone Coleman<br>5211 Parkside Lane<br>Huntington Beach, CA 92647<br>County: Orange | N/A | Norm Reeves Honda Superstore-HB<br>19131 Beach Boulevard<br>Huntington Beach, CA 92648 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| N | 2016 | Honda ACCORD | 23 | 1HGCT1B32GA005612 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 6.90 % | $ 8,137.69 (e) | $ 35,757.11 (e) | $ 44,894.80 (e) | $ 45,894.80 (e) |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | 1000.00 | 04/07/2017 |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71 | 609.85 | Monthly beginning 05/08/2017 |
| N/A | N/A | N/A |
| One final payment | 609.86 | 04/08/2023 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

## ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1 Total Cash Price

A. Cash Price of Motor Vehicle and Accessories $ 23,279.00 (A)

1. Cash Price Vehicle $ 23,279.00
2. Cash Price Accessories $ N/A
3. Other (Nontaxable)
   Describe N/A $ N/A
   Describe N/A $ N/A

B. Document Processing Charge (not a governmental fee) $ 80.00 (B)

C. Emissions Testing Charge (not a governmental fee) $ N/A (C)

D. (Optional) Theft Deterrent Device(s)

1. (paid to) N/A $ N/A (D1)
2. (paid to) N/A $ N/A (D2)
3. (paid to) N/A $ N/A (D3)

E. (Optional) Surface Protection Product(s)

1. (paid to) N/A $ N/A (E1)
2. (paid to) N/A $ N/A (E2)

F. EV Charging Station (paid to) N/A $ N/A (F)

G. Sales Tax (on taxable items in A through F) $ 1,810.33 (G)

H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (paid to) M V S C $ 29.00 (H)

I. (Optional) Service Contract(s)

1. (paid to) ETHOS-EG-VSC $ 2,345.00 (I1)
2. (paid to) N/A $ N/A (I2)

## STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A | Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A | Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury | $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage | $ N/A Limits | N/A Mos. | $ N/A |
| Medical | N/A | N/A Mos. | $ N/A |
| N/A | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X [signature]
Co-Buyer X N/A
Seller X [signature]

OPTIONAL DEBT CANCELLATION AGREEMENT. A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term 72 Mos. EG-GAP Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X [signature]

OPTIONAL SERVICE CONTRACT(S) You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

I1 Company ETHOS-EG-VSC
Term 72 Mos. or 100000 Miles
I2 Company N/A
Term N/A Mos. or N/A Miles
I3 Company N/A
Term N/A Mos. or N/A Miles
I4 Company N/A
Term N/A Mos. or N/A Miles
I5 Company N/A
Term N/A Mos. or N/A Miles
Buyer X [signature]

Trade-In Vehicle(s)

1. Vehicle 1
Year 2011 Make BMW
Model 3-Series Odometer 85693

2. Amounts Paid to Public Officials
   A. Vehicle License Fees        ESTIMATED        $    151.00   (A)
   B. Registration/Transfer/Titling Fees   Estimated   $   101.00   (B)
   C. California Tire Fees                           $    8.75    (C)
   D. Other                        N/A              $    N/A     (D)
   Total Official Fees (A through D)                $    280.75  (2)
3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance)     $    N/A     (3)
4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee   $  N/A   (4)
5. Subtotal (1 through 4)                           $   35,757.11 (5)
6. Total Downpayment
   A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)):   $ 8,500.00  (A)
      Vehicle 1 $  8,500.00    Vehicle 2 $   N/A
   B. Total Less Prior Credit or Lease Balance (e)   $  18,703.00 (B)
      Vehicle 1 $  18,703.00   Vehicle 2 $   N/A
   C. Total Net Trade-In (A–B) (indicate negative number)   $ -10,203.00 (C)
      Vehicle 1 $ -10,203.00   Vehicle 2 $   N/A
   D. Deferred Downpayment Payable to Seller         $   1,500.00 (D)
   E. Manufacturer's Rebate                          $    N/A     (E)
   F. Other                                          $    N/A     (F)
   G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card   $ 2,000.00 (G)
   Total Downpayment (C through G)                   $    0.00    (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)
7. Amount Financed (5 less 6)                        $   35,757.11 (7)

b. Buyer/Co-Buyer Retained Trade Equity  $  N/A
c. Agreed Value of Property
   Being Traded-In (a–b)       $   N/A
d. Prior Credit or Lease Balance  $   N/A
e. Net Trade-In (c–d) (must be ≥ 0
   for buyer/co-buyer to retain equity) $  N/A

Total Agreed Value of Property
   Being Traded-In (1c+2c)     $ 8,500.00 *
Total Prior Credit or Lease
   Balance (1d+2d)             $18,703.00 *
Total Net Trade-In (1e+2e)     $10,203.00 *
(*See item 6A–6C in the Itemization of Amount Financed.)

OPTION: ☐ You pay no finance charge if the
Amount Financed, item 7, is paid in full on or
before _____ N/A _____ Year N/A
SELLER'S INITIALS ___ N/A ___

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____
Co-Buyer Signs X ____ N/A ____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.
Buyer Signature X _____      Co-Buyer Signature X ____ N/A ____

### AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable: ____ N/A ____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____      Co-Buyer Signs X ____ N/A ____

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
Buyer X _____      Co-Buyer X ____ N/A ____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
   YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
   FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
   THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X _____      X ____ N/A ____

No Additional Terms to be entered in this box

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.
If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.
Buyer Signature X _____      Co-Buyer Signature X ____ N/A ____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract*

Buyer Signs X [signature] Co-Buyer Signs X N/A

SELLER'S RIGHT TO CANCEL If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X [signature] Co-Buyer X N/A

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X [signature] X N/A

No Additional Terms to be entered in this box.

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X [signature] Co-Buyer Signature X N/A

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

**Buyer Signature X** [signature] Date [illegible] **Co-Buyer Signature X** N/A Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X N/A Address N/A

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X N/A Date N/A Guarantor X N/A Date N/A

Address N/A Address N/A

Seller Signs [illegible] Date [illegible] By X [signature] Title [illegible]

LAW FORM NO. 553-CA-ARB (REV. 7/16)
©2016 The Reynolds and Reynolds Company TO ORDER: [illegible]
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY

### ARBITRATION PROVISION
#### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

THER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT
1 BY JURY TRIAL.

A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS
MBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY
INSOLIDATION OF INDIVIDUAL ARBITRATIONS.

SCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER
GHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

aim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision,
ie arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of
ates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship
ling any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral
g arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this
tion Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual
and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American
tion Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the
tion subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting
site.

ators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing
ntive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you
unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this
ct was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up
aximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay
e reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under
able law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under
able law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration
ion shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et.
and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all
s, subject to any limited right to appeal under the Federal Arbitration Act.

id we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action
sferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such
ossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court
jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer
contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable
reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any
i in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

E: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH
EBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR
THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE
OR HEREUNDER.

ceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases,
will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may
gainst the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| signs its interest in this contract to | (Assignee) under the terms of Seller's agreement(s) with Assignee. |
|---|---|
| Assigned with recourse | ☐ Assigned without recourse | ☐ Assigned with limited recourse |

By _____  Title _____

553-CA-ARB 7/16

**From:** Tiffany cole
**Sent:** 9/14/2017 4:48:51 PM
**To:** Consumer Case Filing Team
**Cc:** karen_gibson@hna.honda.com; parzeyt@adr.org
**Subject:** Re: Tiffany Coleman V. Honda Financial Services - Case 01-17-0005-1840

Hello,

Please add the following name to my arbitration dispute:
Norm Reeves Honda Superstores-HB
19131 Beach Boulevard Huntington Beach, CA 93648

Thank you,

Tiffany
Sent from my iPhone

On Sep 6, 2017, at 9:37 AM, Consumer Case Filing Team <HYPERLINK
"mailto:ConsumerFiling@adr.org"ConsumerFiling@adr.org> wrote:

Dear Parties:

The above-referenced case has been entered into our system and assigned to the Consumer Filing team. After their review of the case, they will send correspondence to the parties. There are currently several cases ahead of this one in the queue and no deadlines have been established at this time.

Thank you for your patience and have a nice day.

<image8f0f9d.PNG> Consumer Case Filing Team
1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: HYPERLINK "mailto:ConsumerFiling@adr.org"ConsumerFiling@adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

Norm Reeves Honda Honda Superstores HB
Recipient Fax Number: (714) 841-3126
Case Owner Fax Number: (877) 304-8457

EXHIBIT C

Darth K. Vaughn (SBN 253276)
dvaughn@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 W. 7th Street, Suite 3050
Los Angeles, CA 90017
Telephone:   213-426-5000
Facsimile:   213-234-4581

Attorneys for Defendant
**American Honda Finance Corporation**
(improperly named as Honda Financial Services)

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| TIFFANY COLEMAN, | ) Case No.: 01-17-0005-1840 |
| Claimant, | ) *[Arbitrator Irene M. Guimera, Esq.]* |
| v. | ) |
| NORM REEVES HONDA, HONDA FINANCIAL SERVICES, CARS RECOVERY, INC., | ) **RESPONDENTS' BRIEFING ON CLAIM PRECLUSION AS DISCUSSED DURING THE MARCH 22, 2018, PRELIMINARY HEARING; DECLARATION OF DARTH K. VAUGHN** |
| Respondents. | ) AAA Claim filed:  August 30, 2017 |

TO CLAIMANT AND ALL PARTIES OF RECORD:

Respondents, American Honda Finance Corporation ("AHFC" or "Honda") and Coastal Auto Sales, Inc. dba Norm Reeves Honda Superstores Huntington Beach ("NRHHB"), (collectively, "Respondents") hereby submit briefing on issues discussed during the March 22, 2018, Preliminary Hearing, Arbitrator Irene M. Guimera, Esq. presiding.

Respondents request an Order dismissing this claim on the following grounds:

1.   As a matter of law, pursuant to Business and Professions Code Section 75078.13, Tiffany Coleman ("Claimant") can neither reach AHFC nor NRHHB for the alleged

acts of the repossessor, CARS Recovery, Inc., because licensed repossessors are responsible for their own errors and omissions under California's Repossessor's Act, and liability cannot be foisted upon those that hire them.

2. Further, the doctrine of res judicata or claim/issue preclusion bars Claimant's claims as a complete defense. The preclusive judgment is the November 2017 judgment, a previous action brought by Claimant in Small Claims Court in Orange County, California, Case No. 30-2017-00948906-SC-SCCJC (the "Small Claims Action") finally disposed of all claims that could have been brought against these Respondents because Plaintiff litigated the identical primary rights implicated in this Arbitration.

3. Moreover, by bringing the Small Claims Action, Claimant has waived any damages claimed in this proceeding that are above the statutory small claims limit.

4. Finally, under the "unclean hands" doctrine, Claimant is barred from relief because she has engaged in unconscientious conduct directly related to the matter in arbitration.

As a result, Respondents demonstrate below that each and all of Claimant's claims are precluded from moving forward in this Arbitration.

This briefing is based on the accompanying memorandum of points and authorities, the Declaration of Darth K. Vaughn, and the exhibits thereto, any reply to be filed in support, if necessary, and on such oral argument as may be presented at any subsequent hearing, if necessary.

Dated: April 4, 2018                                **SANDERS ROBERTS LLP**


                                                    Darth K. Vaughn
                                                    Attorneys for Respondents
                                                    AMERICAN HONDA FINANCE
                                                    CORPORATION, and
                                                    NORM REEVES HONDA SUPERSTORES
                                                    HUNTINGTON BEACH

**SR**
SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3050
LOS ANGELES, CA 90017

Case No.: 01-17-0005-1840
RESPONDENTS' BRIEFING ON CLAIM/ISSUE PRECLUSION AND WAIVER OF DAMAGES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Respondents seek an Order dismissing Claimant's claims because, as a matter of law neither AHFC nor NRHHB can be responsible for the alleged acts of the repossessor, CARS Recovery, Inc., pursuant to California's Repossessor's Act.  Further, Claimant brought to final judgment a prior Small Claims Action against the same parties, or their privies, based on the same primary right involved in this proceeding. The correspondence from Claimant makes clear that the purpose of both cases, whether they were ostensibly for breach of contract or torts, was to recover from CARS Recovery, Inc. for alleged "breach of peace" during the repossession of the Subject Vehicle.

For the foregoing reasons, Respondents respectfully request that the Arbitrator enter an Order in favor of Respondents, dismissing Claimant claims in their entirety with prejudice.

### II.   FACTUAL BACKGROUND

The essential facts are not in dispute. On or about March 24, 2017, Claimant, Tiffany Coleman, purchased a brand new red 2016 Honda Accord Coupe, VIN No. 1HGCT1B82GA005512 ("the Subject Vehicle"), from Respondent Norm Reeves Honda Superstores Huntington Beach.  Claimant financed $35,767.11 for the vehicle through AHFC. As part of her agreement, Claimant was required to pay approximately $800 per month for the Subject Vehicle.

Unfortunately, Claimant defaulted on her requisite payments to AHFC, necessitating AHFC utilize the services a licensed repossessor,  Respondent CARS Recovery, Inc., to perform an involuntary repossession of the Subject Vehicle on or about September 29, 2017.[1] Claimant took issue with the alleged *way* CARS Recovery, Inc. repossessed the Subject Vehicle, and on or about October 11, 2017, Claimant filed the Small Claims Action in Orange County Superior Court, alleging "unlawful repossession and breach of peace."  (See Vaughn Decl., Exhibit "A.")

---

[1] Pursuant to an indemnification agreement, AHFC has tendered its defense and requested indemnity in the above-entitled matter to CARS Recovery Service, Inc. AHFC had also previously accepted the dealer, Coastal Auto Sales, Inc. dba Norm Reeves Honda Superstores Huntington Beach's, tender of defense and request for indemnity, and also requested indemnity in the above-entitled matter to CARS Recovery Service, Inc. on their behalf.

RESPONDENTS' BRIEFING ON CLAIM/ISSUE PRECLUSION AND WAIVER OF DAMAGES

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3050
LOS ANGELES, CA 90017

In the Small Claims Action, Claimant calculated the money owed to her as, "[T]he amount paid to retrieve car, damage[d] property. The amount of property currently in possession, and lost wages and pain and suffering." (*Id.*) The Complaint was signed by Claimant under penalty of perjury. (*Id.*) On or about November 21, 2017, Claimant received a final Judgment in the Small Claims Action in the amount of $1,189.86. (*Id.*)

## III.   REQUEST FOR JUDICIAL NOTICE

Respondents request this Arbitrator take judicial notice of Claimant's claims in the Small Claims Actions, the final Judgment, and other documents in the mentioned above and the allegations therein. (Evid. Code § 452(d)(1).) Copies of the Small Claims Action are attached to the declaration of Darth K. Vaughn for the Arbitrator's convenience.

## IV.   LEGAL ARGUMENT

### A.   Claimant's Claims are Barred by Business and Professions Code § 7507.13.

By law, Claimant can neither reach AHFC nor NRHHB for the alleged acts of the repossessor, CARS Recovery, Inc., because in California licensed repossessors are responsible for their own errors and omissions under the Repossessor's Act, and liability cannot be foisted upon those that hire them.

In pertinent part, Business and Professions Code Section 75078.13 states:

(b) The legal owner, debt collector, debtor, lienholder, lessor, lessee, or registered owner, or the agent of any of them, is not liable for any act or omission by a licensed repossession agency, or its agent, in carrying out an assignment or repossession order and is entitled to indemnity from the repossession agency for any loss, damage, cost, or expense, including court costs and attorney's fees, that the legal owner, debt collector, debtor, lienholder, lessor, lessee, or registered owner, or the agent of any of them, may reasonably incur as a result thereof. Nothing in this subdivision limits the liability of any person for his or her tortious conduct.

(Cal. Bus. & Prof. Code § 7507.13.)

Therefore, as a matter of law section 7507.13 would therefore trump any "agency" allegations Claimant could make as to "agency" between AHFC and CARS Recovery, who is a licensed independent contractor. (Vaughn Decl., ¶ 4.)

Accordingly, Claimant's claims fail against Respondents AHFC and NRHHB pursuant to the protections afforded by Business & Professions Code § 7507.13.

**B.     The Doctrine of Res Judicata Prevents Vexatious, Repetitive Legal Proceedings, Like This One.**

This action is also barred by res judicata.  This action and the prior small claims court case, which resulted in a final judgment, are between the same parties or their privies and are based on the same primary right.

 "The doctrine of res judicata applies not only to judicial proceedings but also to arbitration proceedings," (*Thibodeau v. Crum* (1992) 4 Cal. App. 4th 749, 755) and it prevents vexatious litigation and requires parties to rest on one decision in their controversy. "'Res judicata' describes the preclusive effect of a final judgment on the merits." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.)

It promotes judicial economy as it " ' "precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." ' " (*Id*. at p. 897, 123 Cal.Rptr.2d 432.) The doctrine has two aspects: the first is claim preclusion, otherwise known as res judicata, which "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Id*. at pp. 896–897 & fn. 7, 123 Cal.Rptr.2d 432; *Lucido v. Superior Court* (1990) 51 Cal.3d at p. 341.) The second is issue preclusion, or collateral estoppel, which " 'precludes relitigation of issues argued and decided in prior proceedings.' " (*Mycogen*, at p. 896, 123 Cal.Rptr.2d 432, quoting *Lucido*, at p. 341, 272 Cal.Rptr. 767.)

Res judicata "rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation." (*Panos v. Great Western Packing Co*. (1943) 21 Cal. 2d 636, 637.)

Accordingly, "if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit," it is barred by res judicata. (*DKN Holdings*, supra, 61 Cal.4th at 824.)  Res judicata bars not only the reopening of the original

RESPONDENTS' BRIEFING ON CLAIM/ISSUE PRECLUSION AND WAIVER OF DAMAGES

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3050
LOS ANGELES, CA 90017

controversy, but also subsequent litigation of all issues that were or could have been raised in the original suit. (*Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, 821; see *Weikel v. TCW Realty Fund II Holding Co*. (1997) 55 Cal.App.4th 1234, 1245, 1249-1250.)

Claim preclusion is a bar to the present action because: 1) The prior action ended in a final judgment on the merits, 2) The present action is on the same cause of action as the prior action, and 3) There is privity between the parties to the prior action and the present action. (*Busick v. Workmen's Comp. Appeals Bd*. (1972) 7 Cal.3d 967, 974.) *In Allstate Insurance Company v. Mel Rapton Inc*. (2000) 77 Cal.App.4th 901; 92 Cal.Rptr.2d 151), the claim preclusion aspect of res judicata was held to apply to Small Claims Court judgments. Here, the Small Claims Action case ended in a final judgment on the merits. Accordingly, the Arbitrator may take judicial notice of that judgment.

## 1.     The Parties in Both Cases Were Either the Same or In Privity With Each Other.

The parties to the Small Claims Action and this action are the same, or in privity with one another for the purposes of res judicata.

Privity of the parties means that the parties in the second action have an identity or community of interest with, and are adequately representation by, a party in the first action as well as that the circumstances are such that the party to be estopped should reasonably have expected to be bound by the prior adjudication. (*Ceresino v. Fire Ins. Exchange* (1989) 215 Cal.App.3d 814, 820.)

A person who is not a party to an action, but who is represented by a party, is bound by and entitled to the benefits of the judgment as though he or she were a party. (*Del Costello v. State of California* (1982) 135 Cal.App.3d 887, 891.) A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he or she were a party if he or she has a proprietary or is financially interested in the judgment or in the determination of a question of fact or law with reference to the same subject matter or transaction; if the other party has notice of his or her participation, the other party is equally bound. (C.C.P.§ 1908(b).)

Here, for the purposes of res judicata, Respondents are all in privity with each other. Specifically, Respondents are in privity with each other because of the express agreement between AHFC and CARS Recovery, Inc. to repossess Claimants vehicle.

Respondents have a community of interest and a common defense to all claims regarding the alleged "breach of peace" by CARS Recovery, Inc. Pursuant to an indemnification agreement, AHFC has tendered its defense and requested indemnity in the above-entitled matter to CARS Recovery Service, Inc. AHFC had also previously accepted the dealer, Coastal Auto Sales, Inc. dba Norm Reeves Honda Superstores Huntington Beach's, tender of defense and request for indemnity, and also requested indemnity in the above-entitled matter to CARS Recovery Service, Inc. on their behalf.  Ultimately, CARS Recovery Inc. is in control of the defense in both actions and is liable for *how* the repossession took place. For purposes of the circumstances of the actual repossession, Respondents are in privity with one another.

### 2.     There Was A Final Judgement on The Merits in The Prior Case.

The final judgment in the prior case is not in dispute. Indeed, Claimant sent correspondence to CARS Recovery, Inc. with a notice of final judgment and demand for payment in the amount of $1,189.86, and CARS Recovery, Inc. has in-fact paid the judgment in the Small Claims Action.  The only potential controversy regarding application of claim preclusion concerns the third element, whether the primary right (the right to be free from breach of peace) invaded in both cases was the same. They were.

### C.     There Is an Identity of The Factual Circumstances in Both Cases.

"'In California the phrase "causes of action"' is often used indiscriminately ... to mean counts which state [according to different legal theories] the same cause of action ... .' But for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced... "'cause of action"' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. ""Hence a judgment for the defendant is a bar

RESPONDENTS' BRIEFING ON CLAIM/ISSUE PRECLUSION AND WAIVER OF DAMAGES

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3050
LOS ANGELES, CA 90017

to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief.'" Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken v. Philip Morris USA, Inc*. (2010) 48 Cal.4th 788, 798, citations omitted.)

The invasion of one primary right, such as the right to be free from injury to the person, gives rise to a single cause of action. (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795; *Frommhagen v. Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299-1300.)  Thus, when there are multiple legal theories on which recovery might be made, one injury gives rise to only one claim for relief. (*Allstate Insurance Company v. Mel Rapton Inc*. (2000) 77 Cal.App.4th 901, 908; *Slater v. Blackwood* (1975) 15 Cal.3d 791, 795.) "It is clearly established that... 'there is but one cause of action for one personal injury [which is incurred] by reason of one wrongful act.' " (*Slater v. Blackwood*, *supra*, 15 Cal.3d at p. 795.)

There is no dispute that this case concerns Claimant's claims of breach of peace of CARS Recovery Inc.'s repossession of the Subject Vehicle. Claimant may attempt to contend that the prior Small Claims Action was not for breach of contract, but rather to recover repossession fees, and is, therefore, based on a different primary right. As shown in the Claimant's correspondence, the same primary right is involved in both cases.

Claimant's October 16, 2017 correspondence to Respondent Norm Reeves Honda Superstores Huntington Beach, states the basis for this arbitration is an alleged "breach of peace" that occurred when the Subject Vehicle was repossessed. (See Vaughn Decl., Exhibit "B".) Claimant specifically states that the "The Breach of Peace entitles me to damages in the full amount of the loan agreement, compensation for my personal property, and repossession fees." (*Id*.)  The primary right complained of is exactly the same as the claims alleged in the Small Claims Action where Plaintiff claimed the alleged "Breach of Peace" by CARS Recovery Inc., entitled her to "[T]he amount paid to retrieve car, damage[d] property. The amount of property currently in possession, and lost wages and pain and suffering." (See Vaughn Decl. Exhibit "A".) Thus, the correspondence from Claimant makes clear that the purpose of both cases, whether

they were ostensibly for breach of contract or torts, was to recover from CARS Recovery, Inc. for a "breach of peace" during repossession of the Subject Vehicle.[2]

These are the same issues raised in the Small Claims Action. The primary right invaded in both cases is identical - the freedom not to be injured by a breach of peace during repossession of a vehicle.  Accordingly, this arbitration is barred by claim preclusion.

**D.     Claimant Waived Any Damages Above the Statutory Small Claims Amount.**

Courts have held that a party, by filing a claim in small claims court, "intentionally waives excess damages over the small claims court jurisdictional limit," regardless of the amount of actual damages. *(Jellinek v. Superior Court* (1991) 228 Cal.App.3d 652, 279 Cal. Rptr. 6, 8.) Courts around the country have ruled that Plaintiffs may waive part of their damages claim in order to benefit from the speed and low cost offered by small claims court and cannot, once they receive a judgment, thereafter sue for the remaining balance that was in excess of the amount allowed in small claims court. (See *Hellman v. Ploss* (1974) 46 AD2d 658, 359 NYS 2d 823, 828).

Here, this issue was brought in small claims court, and there was an adjudication in small claims court in favor of the plaintiff, now Claimant. Claimant made a voluntary decision to bring the action in small claims court, received a favorable judgment, and is attempting to recover twice for the same damages and should be precluded.

It would be a dangerous precedent to allow a party, who receives a judgment against another party, to then recover excess damages against those same parties in another lawsuit. Policy considerations strongly support not allowing excess damages above the small claims statutory limit.

**E.     Claimant Should Not be Allow to Profit from Her Own Wrongdoing**

The equitable doctrine of unclean hands has no legal equivalent. Thus, it has been allowed as an affirmative defense in legal actions. (*Unilogic v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 619.) Under the "unclean hands" doctrine, a party is barred from relief if he or

---

[2] Claimant never disputes that she failed to make her requisite payments for the Subject Vehicle that resulted in the repossession. Claimant only takes issue with *how* the repossession took place, claiming said "breach of peace" somehow now voids the original loan agreement for the Subject Vehicle.

she has engaged in any unconscientious conduct directly related to the transaction or matter before the court. (*Burton v. Sosinsky* (1988) 203 Cal.App.3d 562, 573; *California Satellite Systems, Inc. v. Nichols* (1985) 170 Cal.App.3d 56, 70.)

Here, Claimant appears to take no responsibility for her actions in this matter and seeks to profit from her own wrongdoing.  Claimant now seeks to void the purchase agreement for the Subject Vehicle, obtain a windfall for failing to fulfill her contractual obligations and setting in motion the events that led to repossession of the Subject Vehcle.

Equitable estoppel "takes its life, not from the language of the statue, but from the equitable principle that no man [or woman] will be permitted to profit from his own wrongdoing in a court of justice." (*Battuello v. Battuello,* (1998) 64 Cal. App. 4th 842, 847.)  "One should not profit from one's own wrongdoing" (*Bernson v. Browning-Ferris Industries of California, Inc.* (1994) 7 Cal.4th  926.)

The doctrine of unclean hands "says that whenever a party, who, as actor, seeks to set the judicial machine in motion and obtain some remedy, has violated conscience or good faith or other equitable principle, in his [or her] prior conduct, then the doors of the court will be shut against him…" (*Dickson, Calson & Campillo v. Pole*, (2000) 83 Cal. App. 4th 436, 446-447, n.7.)

Here, the law dictates that Claimant should not profit from their wrongdoing by bringing an action to recover monies above and beyond that amount she has already recovered. Additionally, Claimant should be barred from recovery by the doctrine of unclean hands as a result of her own wrongdoing with instituting an action in an attempt to double recover, or to recover an amount above and beyond the statutory limitation of small claims court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

RESPONDENTS' BRIEFING ON CLAIM/ISSUE PRECLUSION AND WAIVER OF DAMAGES

1

## V.    CONCLUSION

2    For the foregoing reasons, Respondents respectfully request the Arbitrator enter an Order

3 in favor of Respondents, dismissing Claimant's claims in their entirety with prejudice.

4

5 **Dated:  April 4, 2018**                    **SANDERS ROBERTS LLP**

6

7

Darth K. Vaughn
Attorneys for Respondents
8 AMERICAN HONDA FINANCE
CORPORATION, and
9 NORM REEVES HONDA SUPERSTORES
HUNTINGTON BEACH

10

11

12

13

SANDERS
ROBERTS
14 1055 W. 7TH STREET
SUITE 3050
LOS ANGELES, CA 90017
15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONDENTS' BRIEFING ON CLAIM/ISSUE PRECLUSION AND WAIVER OF DAMAGES

**<u>DECLARATION OF DARTH K. VAUGHN</u>**

I, Darth K. Vaughn, declare as follows:

1.      I am a member in good standing of the State Bar of California and am admitted to practice before all courts of the State of California. I am a partner with the law firm of Sanders Roberts, LLP, attorneys of record for Respondents American Honda Finance Corporation, and Norm Reeves Honda Superstores Huntington Beach.  The facts set forth in this Declaration are made of my own personal knowledge, and, if called upon to testify, I could and would competently testify thereto.

2.      Attached hereto as Exhibit "A" are true and correct copies of excepts of Claimant's Small Claims Action.

3.      Attached hereto as Exhibit "B" is a true copy of Claimant's October 16, 2017 Correspondence to Respondent Norm Reeves Honda Superstores Huntington Beach.

4.      I am informed and believe the Cars Recovery Inc. is, and at all relevant times was, a licensed repossessor in the state of California by and through the California Bureau of Security and Investigative Services.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 4, 2018 at Newport Beach, California.

_Darth K Vaughn_
Darth K. Vaughn

RESPONDENTS' BRIEFING ON CLAIM/ISSUE PRECLUSION AND WAIVER OF DAMAGES

# EXHIBIT A

93312

## SC-100 — Plaintiff's Claim and ORDER to Go to Small Claims Court

*Clerk stamps date here when form is filed.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**10/11/2017**

Clerk of the Superior Court
By: Clarissa Bustamante, Deputy

### Notice to the person being sued:

- You are the defendant if your name is listed in ② on page 2 of this form. The person suing you is the plaintiff, listed in ① on page 2.
- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.
- If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

### Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.
- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

*Fill in court name and street address:*

Superior Court of California, County of
Orange
700 W. Civic Center Drive
Santa Ana, CA 92701

*Court fills in case number when form is filed.*

Case Number:
30-2017-00948906-SC-SC-CJC

Case Name:
Coleman vs. Cars Recovery, Inc.

### Order to Go to Court

The people in ① and ② must go to court: *(Clerk fills out section below.)*

| Trial Date | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|
| 1. | 11/21/2017 | 08:30:00 AM | C04 | |
| 2. | | | | |
| 3. | | | | |

Date: 10/11/2017     Clerk, by _Clerk signature_ , Deputy

### Instructions for the person suing:

- You are the plaintiff. The person you are suing is the defendant.
- *Before* you fill out this form, read Form SC-100-INFO, *Information for the Plaintiff,* to know your rights. Get SC-100-INFO at any courthouse or county law library, or go to: *www.courts.ca.gov/smallclaims/forms.*
- Fill out pages 2 and 3 of this form. Then make copies of all pages of this form. (Make one copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.
- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all five pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B, and SC-104C.
- Go to court on your trial date listed above. Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2017, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER
to Go to Small Claims Court
(Small Claims)**

SC-100, Page 1
→

| Plaintiff (list names):<br>Tiffany Coleman | Case Number:<br>30-2017-00948906-SC-SC-CJC |
|---|---|

**(1)** The plaintiff (the person, business, or public entity that is suing) is:

Name: Tiffany Coleman                              Phone: 657-222-7915

Street address: _____
          *Street*               *City*       *State*   *Zip*

Mailing address *(if different):*  P.O. Box 1155, Huntington Beach, CA 92647
             *Street*          *City*       *State*   *Zip*

**If more than one plaintiff, list next plaintiff here:**

Name: _____      Phone: _____

Street address: _____
          *Street*               *City*       *State*   *Zip*

Mailing address *(if different):* _____
             *Street*          *City*       *State*   *Zip*

☐ Check here if more than two plaintiffs and attach Form SC-100A.

☐ Check here if either plaintiff listed above is doing business under a fictitious name. If so, attach Form SC-103.

☐ Check here if any plaintiff is a "licensee" or "deferred deposit originator" (payday lender) under Financial Code sections 23000 et seq.

**(2)** The defendant (the person, business, or public entity being sued) is:

Name: Cars Recovery, Inc.                         Phone: _____

Street address: _____
          *Street*               *City*       *State*   *Zip*

Mailing address *(if different):* 5449 N Peck Road, Arcadia, CA 91006
             *Street*          *City*       *State*   *Zip*

**If the defendant is a corporation, limited liability company, or public entity, list the person or agent authorized for service of process here:**

Name: _____    Job title, if known: _____

Street address: _____
          *Street*               *City*       *State*   *Zip*

☐ Check here if more than one defendants and attach Form SC-100A.

☐ Check here if any defendant is on active military duty, and write his or her name here: _____

**(3)** The plaintiff claims the defendant owes $ 9,500.00 _____ . *(Explain below):*

a. Why does the defendant owe the plaintiff money?

The defendant owes the Plaintiff money for unlawful repossession and breach of peace.

b. When did this happen? *(Date):* 08/29/2017 _____

If no specific date, give the time period: Date started: _____ Through: _____

c. How did you calculate the money owed to you? *(Do not include court costs or fees for service.)*

The money owed is calculated by the amount paid to retrieve car, damage property. The amount of property currently in possession, and lost wages and pain and suffering.

☐ Check here if you need more space. Attach one sheet of paper or Form MC-031 and write "SC-100, Item 3" at the top.

---

| Plaintiff *(list names):* | Case Number: |
| Tiffany Coleman | 30-2017-00948906-SC-SC-CJC |

**(4)** You must ask the defendant (in person, in writing, or by phone) to pay you before you sue. If your claim is for possession of property, you must ask the defendant to give you the property. Have you done this?

[x] Yes  [ ] No  If no, explain why not:

**(5)** Why are you filing your claim at this courthouse?

This courthouse covers the area *(check the one that applies):*

a. [x] (1) Where the Defendant lives or does business.
     (2) Where the Plaintiff's property was damaged.
     (3) Where the Plaintiff was injured.
     (4) Where a contract (written or spoken) was made, signed, performed, or broken by the Defendant *or* where the Defendant lived or did business when the Defendant made the contract.

b. [ ] Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim is about an offer or contract for personal, family, or household goods, services, or loans. *(Code Civ. Proc., § 395(b).)*

c. [ ] Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). *(Civil Code, § 1812.10.)*

d. [ ] Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. *(Civil Code, § 2984.4.)*

e. [ ] Other *(specify):* _____

**(6)** List the zip code of the place checked in **(5)** above *(if you know):* 92647

**(7)** Is your claim about an attorney-client fee dispute?  [ ] Yes  [x] No

*If yes, and if you have had arbitration, fill out Form SC-101, attach it to this form, and check here:* [ ]

**(8)** Are you suing a public entity?  [ ] Yes  [x] No

*If yes, you must file a written claim with the entity first.*   *A claim was filed on (date):* _____
*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

**(9)** Have you filed more than 12 other small claims within the last 12 months in California?

[ ] Yes  [x] No  *If yes, the filing fee for this case will be higher.*

**(10)** Is your claim for more than $2,500?  [x] Yes  [ ] No

*If yes, I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in California during this calendar year.*

**(11)** I understand that by filing a claim in small claims court, I have no right to appeal this claim.

I declare, under penalty of perjury under California State law, that the information above and on any attachments to this form is true and correct.

Date: 10/11/2017   Tiffany Coleman _____ _____
                        *Plaintiff types or prints name here*                     *Plaintiff signs here*

Date: _____
                        *Second Plaintiff types or prints name here*             *Second Plaintiff signs here*

**Requests for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the trial. Contact the clerk's office for Form MC-410, *Request for Accommodations by Persons With Disabilities and Response. (Civil Code, §54.8.)*

Name and Address of Court:

**SC-130**

Superior Court of California, County of Orange
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92701

SMALL CLAIMS CASE NO. 30-2017-00948906-SC-SC-CJC

| **NOTICE TO ALL PLAINTIFFS AND DEFENDANTS:** Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | **AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:** Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE *(Name, street address, and telephone number of each):*

Tiffany Coleman
P.O. Box 1155
Huntington Beach, CA 92647

Telephone No.: (657) 222-7915

DEFENDANT/DEMANDADO *-(Name, street address, and telephone number of each):*

Cars Recovery, Inc.
5449 N Peck Road
Arcadia, CA 91006

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

## NOTICE OF ENTRY OF JUDGMENT   ☐ Amended

Judgment was entered as checked below on *(date):* 11/21/2017

1. ☑ Defendant *(name, if more than one):* Cars Recovery, Inc.
   shall pay plaintiff *(name, if more than one):* Tiffany Coleman
   $ 1189.86     principal and: $ 0.00     costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff *(name, if more than one):*
   shall pay defendant *(name, if more than one):*
   $     principal and $     costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff *(describe property):*

6. ☐ Payments are to be made at the rate of: $     per *(specify period):*     , beginning on *(date):*
   and on the *(specify day):*     day of each month thereafter until paid in full. If any payment is missed, the
   entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with prejudice. ☐ without prejudice.
8. ☐ *Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment)* (form SC-132) is attached.
9. ☐ Other *(specify):*

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to *(insert name and date):*
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This *Notice of Entry of Judgment* was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing:     , California

Date of mailing:

Clerk, by _____, Deputy

| **The county provides small claims advisor services free of charge. Read the information sheet on the reverse.** |
|---|

Page 1 of 2

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, § 116.610
*www.courtinfo.ca.gov*

If exhibits were retained: Code of Civil Procedure § 1952 states exhibits shall be destroyed 60 days after the final deter-
mination of the action. Go to the clerk's office at the above justice ...

**SC-130**

Name and Address of Court:
Superior Court of California, County of Orange
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA  92701

SMALL CLAIMS CASE NO. 30-2017-00948906-SC-SC-CJC

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | *AVISO A TODOS* LOS *DEMANDANTES Y DEMANDADOS:* Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra  y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el  reverso  de  este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE *(Name, street address, and telephone number of each):*

Tiffany Coleman
P.O. Box 1155
Huntington Beach, CA 92647

Telephone No.: (657) 222-7915

DEFENDANT/DEMANDADO *-(Name, street address, and telephone number of each):*

Cars Recovery, Inc.
5449 N Peck Road
Arcadia, CA 91006

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

NOTICE OF ENTRY OF JUDGMENT          ☐ Amended

Judgment was entered as checked below on *(date):* 11/21/2017
1. ☑ Defendant *(name, if more than one):* Cars Recovery, Inc.
   shall pay plaintiff *(name, if more than one):* Tiffany Coleman
   $ 1189.86          principal and: $ 0.00          costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff *(name, if more than one):*
   shall pay defendant *(name, if more than one):*
   $          principal and $          costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff *(describe property):*

6. ☐ Payments are to be made at the rate of: $          per *(specify period):*          , beginning on *(date):*
   and on the *(specify day):*          day of each month thereafter until paid in full. If any payment is missed, the
   entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with prejudice. ☐ without prejudice.
8. ☐ *Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment)* (form SC-132) is attached.
9. ☐ Other *(specify):*

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's
    operation of a  motor  vehicle. If  the  judgment  is  not paid, the  judgment creditor may apply to have the judgment
    debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to *(insert name and date):*
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This *Notice of Entry of Judgment* was mailed
    first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification
    occurred at the place and on the date shown below.

    Place of mailing:                                        , California

    Date of mailing:

                                        Clerk, by _____ , Deputy

| The county provides small claims advisor services free of charge. Read the information sheet on the reverse. |
|---|

Page 1 of 2

Form Adopted for Alternative Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, § 116.610
*www.courtinfo.ca.gov*

If exhibits were retained: Code of Civil Procedure § 1952 states exhibits shall be destroyed 60 days after the final deter-
mination of the action.  Go to the clerk's office at the above justice center if you wish the exhibits to be returned to you.

**SC-130**

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor.** The person (or business) who lost the case and who owes the money is called the **judgment debtor.**

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

## IF YOU LOST THE CASE . . .

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is **FINAL.** You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   ### a. PAY THE JUDGMENT
   The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford.
   Ask the clerk for information about these procedures.

   ### b. APPEAL
   If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   ### c. VACATE OR CANCEL THE JUDGMENT
   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

## IF YOU WON THE CASE . . .

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

2. If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   ### a. COLLECTING FEES AND INTEREST
   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

### b. VOLUNTARY PAYMENT
Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

### c. STATEMENT OF ASSETS
If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give your your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

### d. ORDER OF EXAMINATION
You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtors financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

### e. WRIT OF EXECUTION
After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* (form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

### f. ABSTRACT OF JUDGMENT
The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.: 30-2017-00948906-SC-SC-CJC

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT *(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date:

▶

_____ (TYPE OR PRINT NAME)      _____ (SIGNATURE)

SC-130 [Rev. July 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT**
(Small Claims)

Page 2 of 2

83.277285. 3 of 6

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** | |
| --- | --- |
| Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 | |
| **SHORT TITLE:** Coleman vs. Cars Recovery, Inc. | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2017-00948906-SC-SC-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Entry of Judgment (Small Claims) has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 12/6/17. Following standard court practice the mailing will occur at Sacramento, California on 12/7/17.

CARS RECOVERY, INC.
5449 N PECK ROAD
ARCADIA, CA 91006

TIFFANY COLEMAN
P.O. BOX 1155
HUNTINGTON BEACH, CA 92647

Clerk of the Court, by: _____ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

| MAIL TO THE JUDGMENT CREDITOR<br>DO NOT FILE WITH THE COURT | SC-133 |
|---|---|

**JUDGMENT CREDITOR** (the person or business who won the case) *(name):*

**JUDGMENT DEBTOR** (the person or business who lost the case and owes money) *(name):*

SMALL CLAIMS CASE NO.:

| **NOTICE TO JUDGMENT DEBTOR: You *must* (1) pay the judgment or (2) appeal or (3) file a motion to vacate.** If you fail to pay or take one of the other two actions, you must complete and mail this form to the judgment creditor. If you do not, you may have to go to court to answer questions and may have penalties imposed on you by the court. | **AVISO AL DEUDOR POR FALLO JUDICIAL: Usted debe (1) pagar el monto del fallo judicial, o (2) presentar un recurso de apelación o (3) presentar un recurso de nulidad.** Si usted no paga el fallo o presenta uno de estos dos recursos, deberá llenar y enviar por correo este formulario a su acreedor por fallo judicial. Si no lo hace, es posible que deba presentarse ante la corte para contestar preguntas y pagar las multas que la corte le pueda imponer. |
|---|---|

## INSTRUCTIONS

The small claims court has ruled that you owe money to the judgment creditor.

1. You may appeal a judgment against you only on the other party's claim. You may *not* appeal a judgment against you on *your* claim.
   a. If you appeared at the trial and you want to appeal, you must file a *Notice of Appeal* (form SC-140) within 30 days after the date the *Notice of Entry of Judgment* (form SC-130 or SC-200) was mailed or handed to you by the clerk.
   b. If you did not appear at the trial, before you can appeal, you must first file a *Notice of Motion to Vacate Judgment and Declaration* (form SC-135) and pay the required fee within 30 days after the date the *Notice of Entry of Judgment* was mailed or handed to you. The judgment cannot be collected until the motion is decided. If your motion is denied, you then have 10 days after the date the notice of denial was mailed to file your appeal.
2. Unless you **pay the judgment or appeal the judgment or file a motion to vacate, you must fill out this form and mail it to the person who won the case** within **30 days** after the *Notice of Entry of Judgment* was mailed or handed to you by the clerk. Mailing this completed form does not stay enforcement of the judgment.
3. If you lose your appeal or motion to vacate, you must pay the judgment, including postjudgment costs and interest. As soon as the small claims court denies your motion to vacate and the denial is not appealed, or receives the dismissal of your appeal or judgment from the superior court after appeal, the judgment is no longer suspended and may be immediately enforced against you by the judgment creditor.
4. Unless you have paid the judgment, complete and mail this form to the judgment creditor within **30 days** after the date the clerk mails or delivers to you (a) the denial of your motion to vacate, or (b) the dismissal of your appeal, or (c) the judgment against you on your appeal.

---

If you were sued as an individual, skip this box and begin with item 1 below. Otherwise, check the applicable box, attach the documents indicated, and complete item 15 on the reverse.

a. ☐ *(Corporation or partnership)* Attached to this form is a statement describing the nature, value, and exact location of all assets of the corporation or the partners, and a statement showing that the person signing this form is authorized to submit this form on behalf of the corporation or partnership.

b. ☐ *(Governmental agency)* Attached to this form is the statement of an authorized representative of the agency stating when the agency will pay the judgment and any reasons for its failure to do so.

---

## JUDGMENT DEBTOR'S STATEMENT OF ASSETS

**EMPLOYMENT**

1. What are your sources of income and occupation? *(Provide job title and name of division or office in which you work.)*

2. a. Name and address of your business or employer *(include address of your payroll or human resources department, if different):*

   b. If not employed, names and addresses of all sources of income *(specify):*

3. How often are you paid?
   ☐ daily      ☐ every two weeks      ☐ monthly
   ☐ weekly     ☐ twice a month        ☐ other *(explain):*
4. What is your gross pay each pay period?  $
5. What is your take-home pay each pay period?  $
6. If your spouse earns any income, give the name of your spouse, the name and address of the business or employer, job title, and division or office *(specify):*

Form Adopted for Mandatory Use
Judicial Council of California
SC-133 [Rev. January 1, 2011]

**JUDGMENT DEBTOR'S STATEMENT OF ASSETS**
**(Small Claims)**

Code of Civil Procedure,
§§ 116.620(a), 116.830
www.courts.ca.gov

83.277285. 5 of 6

**CASH, BANK DEPOSITS**

7. How much money do you have in cash? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
8. How much other money do you have in banks, savings and loans, credit unions, and other financial
   institutions either in your own name or jointly *(list)*:

| Name and address of financial institution | Account number | Individual or joint? | Balance |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |

**PROPERTY**

9. List all automobiles, other vehicles, and boats owned in your name or jointly:

| Make and year | License and vehicle identification (VIN) numbers | Value | Legal owner if different from registered owner | Amount owed |
|---|---|---|---|---|
| a. | | $ | | $ |
| b. | | $ | | $ |
| c. | | $ | | $ |
| d. | | $ | | $ |

10. List all real estate owned in your name or jointly:

| Address of real estate | Fair market value | | Amount owed |
|---|---|---|---|
| a. | $ | | $ |
| b. | $ | | $ |

**OTHER PERSONAL PROPERTY  (*Do not list household furniture and furnishings, appliances, or clothing.*)**

11. List anything of value not listed above owned in your name or jointly *(continue on attached sheet if necessary)*:

| Description | Value | Address where property is located |
|---|---|---|
| a. | $ | |
| b. | $ | |
| c. | $ | |

12. Is anyone holding assets for you? ☐ Yes.  ☐ No.   If yes, describe the assets and give the name and address of the
    person or entity holding each asset *(specify)*:

13. Have you disposed of or transferred any asset within the last 60 days? ☐ Yes.  ☐ No.   If yes, give the name and
    address of each person or entity who received any asset and describe each asset  *(specify)*:

14. If you are not able to pay the judgment in one lump sum, you may be able to make payment arrangements with the person or
    business who won the case (the judgment creditor).  State the amount that you can pay each month:  $           , beginning
    on *(date)*:                                   .  If you are unable to agree, you may also ask the court for permission to
    make installment payments by filing a *Request to Make Payments* (form SC-220).

15. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____         _____
(TYPE OR PRINT NAME)                                          (SIGNATURE)

*Mail or deliver this completed form to the judgment creditor at the address shown on the* **Notice of Entry of Judgment** *form.*

| SC-133 [Rev. January 1, 2011] | **JUDGMENT DEBTOR'S STATEMENT OF ASSETS**<br>**(Small Claims)** | **Page 2 of 2** |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
700 CIVIC CENTER DR. WEST
SANTA ANA, CA 92701



83.CRT30.277285.S1
CARS RECOVERY, INC.
5449 N PECK ROAD
ARCADIA, CA 91006

# EXHIBIT B

| | |
|---|---|
| **From:** | Tiffany cole |
| **To:** | Tanner, Bradley M. |
| **Subject:** | Re: Coleman v. Honda Financial Services and Norm Reeves Honda HB |
| **Date:** | Monday, October 16, 2017 11:10:34 PM |

Dear Bradley Tanner,


I sent  notices to Norms Reeves Honda and Honda Financial Services  requesting arbitration with a clear outline of my dispute.



However, I will inform you of the reasons briefly. September 29 @ 5:20am my vehicle was unlawfully repossessed. During the unlawful repossession a breach of peace occurred.

Under my contract with Norms  Reeves Honda :section: 3 under (If You Pay Late Or Break Your Other Promise): Part D states: If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it.



During the unlawful repossession,  my vehicle was parked in a private gated  garage parking stall. The gate opens upon remote. The vehicle was picked up by a non- tow truck per witnesses.

The vehicle was dragged out of the stall by force. My neighbors were awoken by the loud noises which included the burnout during the tire lock and the loud sound of metal being dragged against the pavement. My neighbors though the vehicle was being stolen due to the unidentifiable car trying to remove the Honda Accord  improperly from the stall. They attempted to contact 911 several times before waking me up. I also attempted to contact 911, but  the call wouldn't go through.  A cell phone jammer  was used during the repossession by Cars Recovery INC.



Due to the Breach of Peace my contract with Norm Reeves  Honda is now voided.

The Breach of Peace entitles me to damages in the full amount of the loan agreement, compensation for my personal property, and repossession fees.

Norm Reeves Honda duty to refrain from Breaching  the Peace is non-delectable. I am requesting what I am entitled to during the arbitration. If no agreement is reach, I will take further action.



Respectfully,

Tiffany Coleman

Sent from my iPhone

On Oct 11, 2017, at 11:57 AM, Tanner, Bradley M. <Bradley.Tanner@arentfox.com
<mailto:Bradley.Tanner@arentfox.com> > wrote:


Ms. Coleman,


I am following up to my prior voicemail and telephone call regarding the information requested below.  Please
contact me at your earliest convenience or let me know the best way to reach you.  If you are represented by an
attorney please either send me his or her contact information or have you attorney give me a call.


Thank you


Brad


Bradley M. Tanner

Attorney


Arent Fox LLP | Attorneys at Law

55 2nd Street, 21st Floor
San Francisco, CA 94105

415.805.7979 DIRECT | 415.757.5501 FAX

 <mailto:Bradley.Tanner@arentfox.com> bradley.tanner@arentfox.com |  <http://www.arentfox.com>
www.arentfox.com


From: Tanner, Bradley M.
Sent: Monday, October 09, 2017 8:59 AM
To: 't1ffany_c@yahoo.com <mailto:t1ffany_c@yahoo.com> ' <t1ffany_c@yahoo.com
<mailto:t1ffany_c@yahoo.com> >
Subject: Coleman v. Honda Financial Services and Norm Reeves Honda HB


Ms. Coleman,


Our office represents the legal interests of Norm Reeves Honda HB and have received a copy of your Demand for

Arbitration through the AAA.  On Friday, we contacted the AAA and asked for additional time to respond to the arbitration demand since the reason for your demand on the demand intake form was left blank.  Therefore, we are unsure what is the exact nature of your concern and demand.  Can you please give me a call when you have a moment to discuss?

Also, please make sure all future correspondence is directed to George Koumbis and me at Arent Fox at the address below.

Thank you and I look forward to hearing from you.

Thank you

Brad

Bradley M. Tanner

Attorney

Arent Fox LLP | Attorneys at Law

55 2nd Street, 21st Floor
San Francisco, CA 94105

415.805.7979 DIRECT | 415.757.5501 FAX

 <mailto:Bradley.Tanner@arentfox.com> bradley.tanner@arentfox.com |  <http://www.arentfox.com>
www.arentfox.com

    _____

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

<T. Coleman Arbitration..pdf>

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I, Darth Vaughn, declare as follows:  I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 1055 W. 7th Street, Suite 3050, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place.

      On April 4, 2018 I served the foregoing document described as:

**RESPONDENTS' BRIEFING ON CLAIM PRECLUSION AS DISCUSSED DURING THE MARCH 22, 2018, PRELIMINARY HEARING; DECLARATION OF DARTH K. VAUGHN**

      On all interested parties in this action by the following means:

☒    **VIA ELECTRONIC MAIL**  I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☒    (State)     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on April 4, 2018, at Newport Beach, California.

| | |
|---|---|
| Darth Vaughn | *Darth K. Vaughn* |
| (Type or print name) | (Signature) |

1
2

**SERVICE LIST**

*TIFFANY COLEMAN v. NORM REEVES HONDA, ET AL.*
AAA – Case No.: 01-17-0005-1840

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Pro Se Manager**

**Pro Se Manager**
**Pro Se Arbitration Administration Team**
**American Arbitration Association**
**PO Box 19609, Johnston, RI 02919**
**www.adr.org**
**F: 866 644 0234**

ProSeManager1@adr.org

**Arbitrator Irene M. Guimera, Esq**

img@lodestargrp.com

**Tiffany Coleman, Claimant**

t1ffany_c@yahoo.com

chuck@carsrecoveryla.com

**Chuck Palozolo for Cars Recovery, Inc.**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3050
LOS ANGELES, CA 90017

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I, Blanca Reyes, declare as follows:  I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 1055 West 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place.

     On May 1, 2019 I served the foregoing document described as:

**DEFENDANT AMERICAN HONDA FINANCE CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated in the attached service list:

☒   **VIA MAIL**  I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service.  Per that practice the within correspondence will be deposited for FEDEX OVERNIGHT DELIVERY on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

☐   **VIA FACSIMILE**  I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581.** No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☐   **VIA ELECTRONIC MAIL**  I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated, per their stipulation.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☐   **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)**  I caused the attached document(s) to be delivered via overnight delivery by depositing copies with the Federal Express service located at 1055 West 7th Street, Los Angeles, CA 90017.  The envelope was marked for overnight delivery, with the delivery charged to the sender's account.

☐   **VIA PERSONAL SERVICE**  I caused such envelope(s) to be delivered by a process server employed by [***] the attached documents to the office(s) of the addressee.

☒   (State)    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

    Executed on May 1, 2019, at Los Angeles, California.

| | |
|---|---|
| Blanca Reyes | *Blanca Reyes* |
| (Type or print name) | (Signature) |

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**

<u>**SERVICE LIST**</u>

*Tiffany Coleman v. American Honda Finance Corporation*
Case No.: 8:18-cv-02295-JVS-ADS

Nicholas M. Wajda                          Attorney for Plaintiff
*Wajda Law Group APC*                      Tiffany Coleman
*11400 West Olympic Blvd., Suite 200M*
*Los Angeles, CA 90064*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed.
R. Civ. P. Rule 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES