**SULAIMAN LAW GROUP, LTD.**
Joseph S. Davidson
2500 S. Highland Ave.
Suite 200
Lombard, IL 60148
Telephone: 630-575-8181
Facsimile: 630-575-8180
E-Mail: jdavidson@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | **Case No.  8:18-cv-02295-JVS-ADS** |
| TIFFANY COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>Defendant. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT AMERICAN HONDA FINANCE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

**NOW COMES**  TIFFANY COLEMAN, through her undersigned counsel, responding to AMERICAN HONDA FINANCE CORPORATION'S ("Defendant") Motion To Dismiss Plaintiff's Complaint as follows:

**I.      INTRODUCTION**

Defendant contends that Plaintiff's Telephone Consumer Protection Act ("TCPA") claims must be dismissed because the claims are barred by the doctrine of res judicata. Specifically, Defendant contends that Plaintiff's claims have been or could have been adjudicated in previous litigation involving the same car loan.

1

Defendant's Motion highlights its fundamental misunderstanding of the doctrine of res judicata and the facts that give rise to Plaintiff's TCPA claims. As set forth below, Defendant's Motion to Dismiss must be denied because the doctrine of res judicata does not apply if there is no (1) common identity of claims between the suits and (2) final judgment on the merits of the operative claims. Accordingly, Defendant's Motion must be denied as a matter of law.

## II.      STATEMENT OF FACTS

The facts in that give rise to Plaintiff's TCPA claims are simple and must be taken as true for the purposes of Defendant's Motion. In March 2017, Plaintiff executed a Retail Installment Contract in favor of Defendant to finance a 2016 Honda Accord ("subject loan").  [Dkt. 1, ¶¶12-13.] As result of workplace injury, Plaintiff became unable to make *timely* monthly installment payments. [*Id.* ¶14.] Shortly after failing to make timely payments, Defendant began placing relentless collection calls to Plaintiff. [*Id.* at ¶15.] In November 2017, Plaintiff advised Defendant that she will make the payments on the subject loan, but the payments will be late, and requested that Defendant cease the collection calls. [*Id.* at ¶17.] Despite Plaintiff's request that the collection calls cease, Defendant called Plaintiff 2 to 3 times per day until payment was received. [*Id.* at ¶18]. In July 2018, frustrated with Defendant's failure to cease the collection calls, Plaintiff mailed a written correspondence to Defendant again requesting that the collection calls cease. [*Id.* at ¶19.] Plaintiff's requests that the collection calls cease fell on deaf ears and Defendant continued to place collection

calls to Plaintiff. [*Id.* at ¶2.]  In total, Defendant placed hundreds of collection calls to Plaintiff after Plaintiff requested that the calls cease. [*Id.*]

### III.    LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. *Abdallah v. Int'l Fin. Corp.,* 2015 US Dist. LEXIS 38727, at *53 (C.D. Cal. 2015). "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory,' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

### IV.    ARGUMENT

**A. Plaintiff's Claims Are Not Barred by *Res Judicata***

Defendant contends that Plaintiff's TCPA claims are barred by res judicata. "The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra*

*Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Id.* "Identity of claims exists when two suits arise from 'same transactional nucleus of facts.'" *Stratosphere Litig., L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 (9th Cir. 2002). "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrop Corp.,* 147 F.3d 905, 909 (9th Cir. 1998).

Here, Defendant argues that Plaintiff's TCPA claims are barred by res judicata because they are based on the same set of operative facts that gave rise to previous litigation in which a final judgment was entered. Specifically, Defendant argues that a judgment in (1) a small claims action involving Plaintiff and a third party and (2) an arbitration proceeding involving Plaintiff and Defendant bar Plaintiff's TCPA claims pursuant to the doctrine of res judicata. Unfortunately for Defendant, res judicata does not bar Plaintiff's TCPA claims because there is no common identity of claims between the previous litigation and this litigation and there was no final judgment entered on the merits of Plaintiffs' TCPA claims.

### i.  There is No Common Identity of Claims

By way of background, on October 11, 2017, Plaintiff initiated a small claims action against Defendant's agent Cars Recovery, Inc. for "unlawful repossession and

4

breach of peace." [Dkt. 25, pg. 29, ¶1; pgs. 41-43]. Plaintiff's small claims action stemmed from Cars Recovery, Inc.'s conduct in *repossessing* the subject vehicle. [*Id.* at pg. 12, ¶4, pgs. 41-43.]  On November 21, 2017, the small claims court entered a judgment in favor of Plaintiff and against Cars Recovery, Inc. [*Id.* at pg. 45]. On August 30, 2017, prior to the judgment being entered in the small claims action, Plaintiff filed an arbitration action against Defendant.[1] [*Id.* at pg. 12, ¶5]. Similar to the small claims action, Plaintiff sought relief for breach of the peace and unlawful repossession. [*Id.* at pgs. 52-54]. On April 23, 2018, the arbitration action was dismissed because the Arbitrator found that Plaintiff's claims against Defendant for breach of peace during the repossession of the subject vehicle were barred by res judicata. [*Id.* at pg. 15].

To decide the issue of identity of claims, the Ninth Circuit applies the following criteria:

> "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir. 1982).

---

[1] Defendant's Motion erroneously contends that Plaintiff brought the arbitration action against Defendant because Plaintiff was "unhappy with the award in the Small Claims Action…" [Dkt. 25, pg. 12, ¶5]. Defendant's characterization is patently flawed and inaccurate because the judgment in the small claims action was entered on November 21, 2017, and the arbitration action was filed on August 30, 2017, nearly three months *before* the judgment in the small claims action was entered. Accordingly, Plaintiff could not have possibly known what she would be awarded in the small claims action at the time she filed the arbitration claims.

Here, there is no common identity of claims between the previous litigation (small claims action and arbitration action) and the instant action because (1) rights or interests established in the prior judgment would not be destroyed by an adjudication of Plaintiff's TCPA claims; (2) the evidence pertaining to Plaintiff's TCPA claims is patently different than the evidence presented for breach of peace; (3) the actions do not involve infringement of the same right; and (4) the suits do not arise out of the same transactional nucleus of facts.

Specifically, in this case, Plaintiff is seeking relief under the TCPA for *phone calls* placed by Defendant to Plaintiff's cellular phone without her consent, not relief for any alleged misconduct pertaining to the *repossession* of the vehicle.[2] The conduct that gives rise to the claims in this action pertains to the collection of monetary payment on the subject loan and not the enforcement of the security interest that Defendant was attempting to complete by repossessing the subject vehicle. Accordingly, the evidence pertaining to Plaintiff's TCPA claims (phone calls and the methodology employed to place the calls) is clearly distinguishable from the evidence pertaining to a breach of peace claim arising from unruly repossession efforts. Moreover, any rights or interests established by the small claims judgment would not be impaired by a judgment on Plaintiff's TCPA claims because the subject

---

[2] To plead a TCPA claim, a plaintiff must allege (1) that a call was placed to a cellular telephone number; (2) using an automatic telephone dialing system, and (3) without the recipients' prior express consent. *Meyer v. Portfolio Recovery Assocs. Ltd. Liab. Co.*, 707 F.3d 1036, 1043 (9th Cir. 2012).

matter and conduct litigated in this case is entirely different than the subject matter of the previous litigation.

Most importantly, Plaintiff's TCPA claims in this action do not arise from the same transaction nucleus of facts.  Specifically, Plaintiff's TCPA claims did not begin to accrue until November 2017 (when she revoked consent to be called) and continued to accrue up to the date of the filing of this suit, well after she filed the breach of peace actions against Cars Recovery Inc. (small claims action) and Defendant (arbitration action). Accordingly, Plaintiff's TCPA claims cannot be barred because they were not and could not have been adjudicated in either the small claims or arbitration actions because the claims accrued after the filings of the previous actions. *See Media Rights Techs., Inc. v. Microsoft Corp.,* 2019 U.S. App. LEXIS 13239, at *11-12 (9th Cir. 2019) ("The rule in this circuit, and others, is that 'claim preclusion does not apply to claims that accrue after the filing of the operative complaint' in the first suit.") As a result, Plaintiff's TCPA claims are not barred by claim preclusion or res judicata.

### ii.   There is No Final Judgment on the Merits of Plaintiff's TCPA Claims

Since Plaintiff's TCPA claims did not begin to accrue until November 2017, Plaintiff's TCPA claims cannot be barred by res judicata because there was no final judgment on the merits with the respect to the propriety of the phone calls placed by Defendant to collect on the subject loan. As stated above, the tribunals in the small

claims action and arbitration action adjudicated the merits of Plaintiff's claims for breach of peace pertaining to the repossession of the subject vehicle, and not the merits of Plaintiff's TCPA claims. Accordingly, res judicata cannot apply as there has been no final judgment on the merits of Plaintiff's TCPA claims.

## V.    <u>CONCLUSION</u>

Any cursory review of the facts in this action establishes that Plaintiff is not attempting to relitigate claims that were litigated or could have been litigated in previous actions. Accordingly, res judicata does not bar Plaintiff's TCPA claims and this Court should deny Defendant's Motion to Dismiss in its entirety.

Date: May 20, 2019                              Respectfully submitted,

**TIFFANY COLEMAN**

By: */s/ Joseph S. Davidson*

Jospeph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Avenue
Suite 250
Lombard, IL 60148
Telephone: 630-575-8181
Facsimile: 630-575-8180
E-mail: jdavidson@sulaimanlaw.com

1

2

3

## **<u>CERTIFICATE OF SERVICE</u>**

4        The undersigned, one of the attorneys for Plaintiff, certifies that on May 20,
2019, he caused a copy of the foregoing, **PLAINTIFF'S RESPONSE IN**

5  **OPPOSITION   TO   DEFENDANT   AMERICAN   HONDA   FINANCE
CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to

6  be served electronically via CM/ECF system on: all counsel of record

7

8                                             *s/ Joseph S. Davidson*
                                              Counsel for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28