JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
ALEXANDRA LOTOTSKY (SBN 311921)
alototskty@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, California 90017
Telephone:  213-426-5000
Facsimile:   213-234-4581

Attorneys for Defendant
**American Honda Finance Corporation**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY COLEMAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>    Defendant. | Case No.: 8:18-cv-02295-JVS-ADS<br><br>**DEFENDANT AMERICAN HONDA FINANCE COPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:<br>Trial Date: Not Set |

Defendant AMERICAN HONDA FINANCE CORPORATION ("Defendant") hereby answers the Complaint of Plaintiff TIFFANY COLEMAN ("Plaintiff") as follows:

## NATURE OF THE ACTION

1. Paragraph 1 sets forth a conclusions of law to which no response is required. To the extent an answer is required, Defendant Honda admits the complaint sets forth such violations but denies any and all allegations.

## JURISDICTION AND VENUE

2. Paragraph 2 sets forth a jurisdictional statement and other statement of law to which no response is required.

3. Paragraph 3 sets forth a jurisdictional statement and other statement of law to which no response is required.

## PARTIES

4. Paragraph 5 sets forth conclusions of law to which no response is required. To the extent an answer is required, Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

5. Paragraph 6 sets forth conclusions of law to which no response is required. To the extent an answer is required, Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

6. Defendant Honda admits the allegations set forth in paragraph 7 of the Complaint.

7. Paragraph 8 sets forth conclusions of law to which no response is required. To the extent an answer is required, Defendant Honda admits the allegations set forth in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant Honda denies knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

9. Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

10. Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

11. Defendant Honda admits the allegations set forth in paragraph 12 of the Complaint.

12. Defendant Honda admits the allegations set forth in paragraph 13 of the Complaint.

13. Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

14. Defendant Honda denies the allegations set forth in paragraph 15 of the Complaint.

15. Defendant Honda denies the allegations set forth in paragraph 16 of the Complaint.

16. Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

17. Defendant Honda denies the allegations set forth in paragraph 18 of the Complaint.

18. Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

## DAMAGES

19. Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

20. Defendant Honda denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

## CLAIM FOR RELIEF

21. Defendant Honda repeats the responses of paragraphs 1 to 21.

22. Defendant Honda denies the allegations set forth in paragraph 23 of the Complaint.

23. Defendant Honda denies the allegations set forth in paragraph 24 of the Complaint.

24. Defendant Honda denies the allegations set forth in paragraph 25 of the Complaint.

25. Paragraph 26 sets forth conclusions of law to which no response is required. To the extent an answer is required, Defendant Honda denies the allegations set forth in paragraph 26 of the Complaint.

26. Paragraph 27 sets forth conclusions of law to which no response is required. To the extent an answer is required, Defendant Honda denies the allegations set forth in paragraph 27 of the Complaint.

27. Paragraph 28 sets forth conclusions of law to which no response is required. To the extent an answer is required, Defendant Honda denies the allegations set forth in paragraph 28 of the Complaint.

28. The allegations contained in the unnumbered paragraphs of the Complaint following the word "Wherefore" set forth prayers for relief to which neither an admission nor a denial is required. To the extent these allegations are deemed to be factual in nature, they are denied. Defendant Honda denies each and every allegation not previously specifically admitted or otherwise qualified.

## DEMAND FOR JURY TRIAL

29. The unnumbered paragraph following the heading "Demand for Jury Trial" sets forth a demand for a jury trial to which no response is required.

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

30. The Complaint fails to allege facts sufficient to state a cause of action or a claim upon which relief could be granted. The Complaint does not set forth facts sufficient to state a claim against Defendant based upon the provisions of

California Civil Code sections 1790 *et seq.*

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure To Allege With Sufficient Specificity)

31. The Complaint fails to allege facts with sufficient specificity to state a claim against this answering Defendant.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Consent)

32. The Plaintiff is barred from any right to recovery because Plaintiff have expressly and/or impliedly consented to and ratified all acts and occurrences alleged in this Complaint.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

33. The answering Defendant alleges that to the extent the Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

34. The answering Defendant is informed and believes and thereon alleges that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of Plaintiff's Complaint, each and every cause of action in the Complaint is barred by the statute of limitations.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

35. The Plaintiff, by Plaintiff's own conduct, has waived all of the alleged claims set forth in the Complaint.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

36. The Plaintiff is estopped, by reason of Plaintiff's own conduct, from

1  asserting any of the claims set forth in the Complaint.

## EIGHTH  SEPARATE AND AFFIRMATIVE DEFENSE
### (Pari Delicto)

37.   The answering Defendant alleges that Plaintiff herein and each and every purported cause of action in the Complaint is barred because Plaintiff has engaged in acts and courses of conduct which rendered her *in pari delicto*.

## NINTH  SEPARATE AND AFFIRMATIVE DEFENSE
### (Offset)

38.   The answering Defendant has valid claims against the Plaintiff, and is entitled to offset the value of those claims against the value, if any, of the Plaintiff's claims.

## TENTH  SEPARATE AND AFFIRMATIVE DEFENSE
### (Causation)

39.   Defendant is informed and believes and thereon alleges that Plaintiff failed to exercise ordinary care, caution or prudence to avoid the damages complained of, and that such damages, if any, were directly and proximately contributed to and caused by Plaintiff.  Defendant's actions were not the actual or proximate cause of the harm alleged by Plaintiff in the Complaint.

## ELEVENTH  SEPARATE AND AFFIRMATIVE DEFENSE
### (Contributory Fault)

40.   If the Plaintiff suffered any loss or damage as alleged in the Complaint, such loss or damage was legally and proximately caused and contributed to by persons or entities other than the answering Defendant.

## TWELFTH  SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

41.   Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to take reasonable steps to mitigate damages.

/ / /



### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Intervening Cause)

42. Any damages alleged to have been sustained by the Plaintiff were the result of intervening or superseding causes, and the actions of third parties, precluding any liability on the part of the answering Defendant.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Release and Waiver)

43. The answering Defendant alleges that Plaintiff's actions constituted a full release by Plaintiff of any and all claims which Plaintiff may have against the answering Defendant, if any.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Attorney's Fees)

44. The Complaint fails to state facts sufficient to justify an award of attorney's fees to the Plaintiff.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Assumption of Risk)

45. Defendant is informed and believes and thereon alleges that Plaintiff assumed the risk of harm or damage alleged in the Complaint by engaging in activities likely to result in the type of damage or harm alleged. Any harm or injury sustained by Plaintiff are the direct or proximate result of Plaintiffs' voluntary actions for which Plaintiffs assumed the risk of such damage.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Laches)

46. Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of Ford. Therefore the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

///

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Reservation of Rights)

47. Defendant submits this Answer based on the limited information presently known and reserves its right expressly to assert any affirmative defenses not set forth herein. Defendant anticipates that it will discover new information regarding the claims set forth in the Complaint and will amend this Answer to assert any applicable defenses that it may discover during this litigation process.

WHEREFORE Defendant prays for judgment as follows:

1. That the Plaintiff take nothing by reason of the Complaint;

2. That the Complaint be dismissed with prejudice as to the answering Defendant;

3. For costs of suit, including attorney's fees, incurred herein; and

4. For such other and further relief as the court may deem just and proper

Dated: June 17, 2019

SANDERS ROBERTS LLP

_____
JUSTIN H. SANDERS
ALEXANDRA LOTOTSKY
Attorneys for Defendant
**AMERICAN HONDA FINANCE CORPORATION**



# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Blanca Reyes, declare as follows: I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 1055 West 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place.

On June 17, 2019 I served the foregoing document described as:

**DEFENDANT AMERICAN HONDA FINANCE COPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated in the attached service list:

☒ **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited for UNITED STAES POSTAL SERVICE on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

☐ **VIA FACSIMILE** I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581.** No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☐ **VIA ELECTRONIC MAIL** I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated, per their stipulation. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☐ **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)** I caused the attached document(s) to be delivered via overnight delivery by depositing copies with the Federal Express service located at 1055 West 7th Street, Los Angeles, CA 90017. The envelope was marked for overnight delivery, with the delivery charged to the sender's account.

☐ **VIA PERSONAL SERVICE** I caused such envelope(s) to be delivered by a process server employed by [***] the attached documents to the office(s) of the addressee.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 17, 2019, at Los Angeles, California.

Blanca Reyes                    *Blanca Reyes*
_____                _____
(Type or print name)            (Signature)

- i -                           Case No.: 8:18-cv-02295-JVS-ADS
CERTIFICATE OF SERVICE

**SERVICE LIST**

*Tiffany Coleman v. American Honda Finance Corporation*
Case No.: 8:18-cv-02295-JVS-ADS

| | |
|---|---|
| Nicholas M. Wajda | Attorney for Plaintiff |
| *Wajda Law Group APC* | Tiffany Coleman |
| *11400 West Olympic Blvd., Suite 200M* | |
| *Los Angeles, CA 90064* | |