Joseph S. Davidson, *Pro Hac Vice* (Ill. Bar No. 6301581)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 630-581-5450
Facsimile: 630-581-8188
E-Mail: jdavidson@sulaimanlaw.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIFFANY COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>Defendant. | Case No.  8:18-cv-02295-JVS-ADS<br><br>**FIRST AMENDED COMPLAINT**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, TIFFANY COLEMAN, through counsel, WAJDA LAW GROUP, APC, submitting her first amended complaint against Defendant, AMERICAN HONDA FINANCE CORPORATION, alleging as follows:

**NATURE OF THE ACTION**

1. This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. TIFFANY COLEMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. AMERICAN HONDA FINANCE CORPORATION ("Defendant") is a domestic corporation with its principal place of business in Torrence, California.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the numbers ending in 7915 and 7613.

12. At all times relevant, Plaintiff's numbers ending in 7915 and 7613 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14. In March of 2017, Plaintiff executed a Retail Installment Contract (the "Contract") in favor of Defendant.

15. The Contract secured the purchase of Plaintiff's 2016 Honda Accord (the "Vehicle").

16. As result of workplace injury, Plaintiff became unable to make *timely* monthly installment payments.

2

17. Every month thereafter, Plaintiff became victim to Defendant' relentless collection call campaign as they attempted to collect Plaintiff's monthly payment.

18. Each time Plaintiff answered, Plaintiff was greeted by clear pause prior to being connected to Defendant' representative.

19. In November of 2017, Plaintiff informed Defendant that payments will be routinely late, will be made, before demanding that Defendant stop calling.

20. Subsequent to Plaintiff's November of 2017 request, Defendant proceeded to call Plaintiff 2 to 3 times daily every month until payment was received.

21. In July of 2018, having had enough, Plaintiff mailed written correspondence to Defendant demanding, *inter alia*, that they stop calling.

## **DAMAGES**

22. As stated herein, Defendant's phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

23. Defendant's telephone harassment campaign have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Defendant placed or caused to be placed hundreds of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

28. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

29. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

30. As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

31. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. find that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.  enjoin Defendant from placing calls to Plaintiff pursuant to 47 U.S.C. § 227(3)(A).

C.  award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

D.  award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

E.  award such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.11

33. California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d)  Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e)  Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

34. Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e) by calling Plaintiff's cellular telephone on hundreds of occasions with such frequency as to be unreasonable as well as constitute harassment despite Plaintiff's demand(s) that they stop.

35. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.11 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a)  Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to

5

that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.11;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: September 11, 2019            Respectfully submitted,

**TIFFANY COLEMAN**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-581-5450
jdavidson@sulaimanlaw.com

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
+1 310-997-0471
nick@wajdalawgroup.com